629 P.2d 566
**Manard L. VAN DEVER,
Plaintiff/Appellee,**

v.

**SEARS, ROEBUCK & COMPANY, a
corporation, Defendant/Appellant.**

**No. 2 CA–CIV 3741.**

Court of Appeals of Arizona,
Division 2.

May 28, 1981.

Flake & Little by J. Dee Flake, Globe, for plaintiff/appellee.

Gust, Rosenfeld, Divelbess & Henderson by James M. Koontz and Mark Dioguardi, Phoenix, for defendant/appellant.

## OPINION

HATHAWAY, Chief Judge.

Appellant (Sears) appeals from a $30,000 judgment entered on a jury verdict against it in this personal injury lawsuit.

On August 18, 1976, appellee and his son, David, went to Sears to purchase saber saw blades and to obtain a large cardboard box for David to play in. After buying the saw blades, appellee asked a Sears employee if he could get an empty cardboard box. He was directed to the manager of the hardware department who told him to get a box that was to be thrown away off a truck, and how to get to the loading dock.

In route to the loading dock, appellee and his son walked through a door with an "Employees Only" sign over it. At the dock, appellee asked an employee if he could take a box, and was told that it would be all right and that he could get it off the truck from the side since the loading dock service door was closed.

The truck was a flatbed with sideboards. Appellee climbed up over the wheel well and over the sideboards into the truck. If appellee had been permitted to use the loading dock, it would not have been necessary to climb over the side of the truck. He threw a box out and then climbed back over the sideboards, placing his feet on the top of the tire and stepped down into the inner wheel well. He placed his right hand in the lower part of the sideboard and when he stepped down the ring on his left hand caught on a protruding object and the flesh was stripped from the finger to the bare bone. He had to climb back up and push his hand up to unhook the ring. One day after he was admitted to the hospital, appellee's left ring finger was amputated.

Two questions are presented on appeal: (1) Can a business invitee remain an invitee even after he completes his business purpose and ventures onto a part of the premises not open to the public? (2) Assuming that plaintiff had the status of an invitee, was there evidence of a dangerous condition or negligence on the part of Sears?

Counsel for appellee contends that the issue of whether appellee remained a business invitee or became a licensee at the time of the injury is first raised on appeal. The rule is, of course, well settled that the trial court and opposing counsel should be afforded a fair opportunity to overcome any asserted defects before error may be raised

on appeal. *Builders Supply Corp. v. Shipley*, 86 Ariz. 153, 341 P.2d 940 (1959); *City of Yuma v. Evans*, 85 Ariz. 229, 336 P.2d 135 (1959); *Davis v. Kleindienst*, 64 Ariz. 251, 169 P.2d 78 (1946). In its reply brief, Sears answers that the question was raised and preserved for review on appeal through its motion for directed verdict. The motion for directed verdict was orally made and not reported. Counsel for appellee disputes Sears' contention. We cannot presume from the silent record that the motion raised the issue. Under our rules, a motion for directed verdict must "state the specific grounds therefor." 16 A.R.S., Rules of Civil Procedure, rule 50(a). Because no issue as to appellee's status appears on the record to have been raised during the motion for directed verdict, we will not review the question on appeal. *Williams v. Town of Silver City*, 84 N.M. 279, 502 P.2d 304 (App. 1972). Sears' reference to the issue in a trial memorandum is not enough to preserve the issue for appeal under the circumstances presented here. In its motion for new trial, Sears did not ask the trial court to reconsider and treat appellee as a licensee as a matter of law. This suggests that the issue had not been previously raised. Even had it done so, post-trial objection is too late to preserve on appeal an issue which the trial court has not had an effective opportunity to rule upon at trial. *Commercial Credit Corp. v. Wollgast*, 11 Wash. App. 117, 521 P.2d 1191 (1974).

■ In addition, instructions were submitted on the issue of appellee's status, and Sears' attorney made no objection to those given to the jury. Sears therefore is bound by the theory of those instructions, *Town of Williams v. Perrin*, 70 Ariz. 157, 217 P.2d 918 (1950), and is deemed to have admitted that there was evidence to support them. *Verdugo v. Po Shing Gee*, 4 Ariz.App. 113,

417 P.2d 747 (1966). The rule is stated in 5 C.J.S. Appeal and Error, § 1507(8) (1958):

> "Where a party causes a question to be submitted to the jury as one of fact, he cannot thereafter take the position that the question was one of law and should not have been submitted."

■ Appellant next contends, assuming invitee status, which we must since the question is foreclosed from our consideration, that there was no evidence of a dangerous condition or negligence. We disagree. The testimony discloses that the appellee had asked one of Sears' employees if he could enter the cargo area of the truck through the loading dock service door. He was advised that Sears was closing and he could get the box off the truck from the outside. The jury could have concluded that he was deprived, through the conduct of Sears' employee, of a safe passageway. *See Albers v. Gehlert*, 409 S.W.2d 682 (Mo. 1966). Assuming he was an invitee, Sears owed a duty of exercising ordinary care to see that he was afforded a reasonably safe passageway. *Yuma Furniture Co. v. Rehwinkel*, 8 Ariz.App. 576, 448 P.2d 420 (1968). Given the available choices, and the fact that appellee was deprived of the passageway which would appear to have exposed him to no risk, a clear jury question was presented.

The judgment is affirmed.

HOWARD and BIRDSALL, JJ., concur.