878 P.2d 657

**Margie P. TRANTOR, Plaintiff/Appellant,**

**Leighton P. Clark, Appellant,**

v.

**Glen FREDRIKSON and Jane Doe Fredrikson, his wife, Defendants/Appellees.**

Supreme Court of Arizona, En Banc.

**No. CV–93–0124–PR.**

July 28, 1994.

Leighton P. Clark, Phoenix, for Trantor and in pro per.

Ayers & Brown by Thomas G. Luikens, Phoenix, for Fredrikson.

## OPINION

MARTONE, Justice.

In *State v. Richey*, 160 Ariz. 564, 774 P.2d 1354 (1989), we held that a trial court must make specific findings of fact and conclusions of law in awarding attorneys' fees under A.R.S. § 12–341.01(C) and § 12–349. The question we answer today is whether the failure of a party to object to the absence of these findings prevents that party from raising the issue on appeal. We hold that it does.

## I. BACKGROUND

Trantor fell through a ceiling at work and was injured. The Fredriksons owned the building. Trantor brought an action against

the Fredriksons alleging that an unreasonably dangerous condition in the building caused her injuries. The Fredriksons discovered that the dangerous condition was actually created by Trantor's employer, Fredriksons' lessee, without the Fredriksons' knowledge. The trial court granted the Fredriksons' motion for summary judgment.

The Fredriksons moved for an award of attorneys' fees under A.R.S. § 12–341.01(C) and § 12–349. The court granted the award against Trantor and her lawyer (hereinafter Trantor), stating:

> This matter having been under advisement, IT IS ORDERED granting attorney fees against plaintiff and her counsel. Defendant is directed to submit an affidavit of the amount of fees incurred.

Minute Entry of November 16, 1990.

Although Trantor filed a motion to reconsider the award of attorneys' fees, she did not object to the court's failure to make findings of fact and conclusions of law. The motion to reconsider addressed only the substantive propriety of an award of fees under the relevant statutes. The trial court denied Trantor's motion.

On appeal, Trantor argued that the court erred when it failed to make findings of fact and conclusions of law in awarding the fees. Trantor also argued that there was no evidence to support an award of fees under the relevant statutes. The Fredriksons argued that because Trantor did not raise the absence of findings below, the issue was not preserved for appeal.

The court of appeals agreed with Trantor and, relying on *Richey*, held that a trial court's obligation to make findings and conclusions in awarding fees under § 12–341.-01(C) or § 12–349 cannot be waived by a failure to object. *Trantor v. Fredrikson*, 176 Ariz. 389, 861 P.2d 674 (App.1993). We granted review to decide whether a party may raise the absence of findings on appeal without first raising the issue in the trial court.

## II. ANALYSIS

A.R.S. § 12–341.01(C) allows a court to award reasonable attorneys' fees in civil ac-

tions in which a claim or defense constitutes harassment, is groundless, and is not made in good faith. A.R.S. § 12–349 allows for an award of fees in any civil action in which a lawyer or party (1) brings or defends a claim without substantial justification (defined by § 12–349(F) to mean one that "constitutes harassment, is groundless and is not made in good faith"), (2) brings or defends a claim solely or primarily for delay or harassment, (3) unreasonably expands or delays the proceeding, or (4) engages in abusive discovery. Section 12–350 requires a court to set forth the specific reasons for an award under § 12–349.

Neither § 12–341.01(C) nor §§ 12–349 and 12–350 specifically require findings of fact and conclusions of law. Nevertheless, building on this court's opinion in *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 694 P.2d 1181 (1985), which related to § 12–341.01(A), this court held in *Richey* that specific findings of fact and conclusions of law were required. 160 Ariz. at 565, 774 P.2d at 1355. We noted that § 12–341.01(C) referred to a heightened standard of proof (clear and convincing evidence) and that § 12–350 required the court to set forth the specific reasons for an award. Together with the prudential concerns expressed in *Warner*, we concluded that a party is entitled to findings and conclusions to aid in appellate review. We did not address the question of waiver or preclusion.

Because a trial court and opposing counsel should be afforded the opportunity to correct any asserted defects before error may be raised on appeal, absent extraordinary circumstances, errors not raised in the trial court cannot be raised on appeal. *Van Dever v. Sears, Roebuck & Co.*, 129 Ariz. 150, 151–52, 629 P.2d 566, 567–68 (1981); *United States v. Globe*, 113 Ariz. 44, 51, 546 P.2d 11, 18 (1976). Even if the doctrine of fundamental error applied to civil cases, *see Johnson v. Elliott*, 112 Ariz. 57, 61, 537 P.2d 927, 931 (1975), it would only apply when the error goes to the foundation of the case or deprives a party of a fair trial. Although findings of fact and conclusions of law are certainly helpful on appellate review, they do not go to the foundation of the case or deprive a party of a

fair hearing. If the court has failed to make findings and a party wants them, all one has to do is to make that issue known in the trial court. The trial court will either make findings or it will not. If it does, the party gets what it wants. If it fails to do so, the issue is preserved for review. But by failing to act at all, a litigant is not in the position to complain about how helpful findings would have been on appeal.

The question of findings by the court is generally addressed in Rule 52(a), Ariz.R.Civ.P. Although not specifically applicable to findings made in connection with an award of attorneys' fees, the underlying policy considerations are the same. Findings and conclusions promote appellate review. In an action tried to the court without a jury, a party is entitled to findings of fact and conclusions of law only if requested before trial. But with or without a request, the court must make findings of fact and conclusions of law in granting or denying preliminary injunctive relief. And even though findings are required in granting or denying injunctive relief, the failure to make those findings has been held to be waivable. *Bayless Investment & Trading Co. v. Bekins Moving & Storage Co.*, 26 Ariz.App. 265, 547 P.2d 1065 (1976). Although this issue is not before us, and therefore we do not decide it, we think that if findings are waivable even where Rule 52(a) specifically requires them, they are waivable where awards are made under statutes that do not specifically require them. *See Warner*, 143 Ariz. at 571, 694 P.2d at 1185 ("[a]lthough the statute [A.R.S. § 12–341.01] does not require it, we agree that it is the better practice to have a record which reflects the justification for the trial court's denial of fees.").

### III. RESOLUTION

We therefore conclude that the failure of a party to object to the lack of findings of fact and conclusions of law in making awards of attorneys' fees under § 12–341.-01(C) or § 12–349 precludes that party from raising the absence of findings as error on appeal.

We note that *Richey* was relatively new when the award of fees was made below. By now we think it quite unlikely that there would be any award of attorneys' fees under § 12–341.01(C) or § 12–349 unaccompanied by specific findings of fact and conclusions of law. But if there is, all a party need do is bring the omission to the attention of the trial judge and the issue is preserved.

Because of the absence of findings, the court of appeals vacated the award of attorneys' fees. Thus the court of appeals never reached Trantor's substantive argument that the Fredriksons were not entitled to an award of fees under § 12–341.01(C) or § 12–349.[1] We therefore vacate the opinion of the court of appeals and remand the case to that court for the resolution of the other issues Trantor presented for appellate review.

---

1. This case is a classic example of why findings are so desirable. From our review of the record, including the transcript of the hearing on attorneys' fees, we entertain substantial reservations about whether the award of fees was appropriate under the relevant statutes. This, of course, is an issue to be decided by the court of appeals in the first instance.