SUPREME COURT OF ARIZONA
En Banc

JOHN L. POWERS, an individual )     Arizona Supreme Court
and qualified elector,         )     No. CV-02-0221-AP/EL
                               )
        Plaintiff/Appellee,    )     Maricopa County
                               )     Superior Court
v.                             )     No. CV 2002-012155
                               )
                               )     **MEMORANDUM DECISION**
JOHN M. CARPENTER, an          )     (Not for Publication -
individual, SALOMON LEIJA, an  )     Rule 111, Rules of the
individual, STEPHEN VEGA, an   )     Arizona Supreme Court
individual, Real Party in      )
Interest, THE HONORABLE R.     )
FULTON BROCK, DON STAPLEY,     )
ANDREW KUNASEK, MAX W. WILSON, )
MARY ROSE WILCOX, THE DULY     )
ELECTED OR APPOINTED MEMBERS OF )
THE MARICOPA COUNTY BOARD OF   )
SUPERVISORS, WHO ARE NAMED     )
SOLELY IN THEIR OFFICIAL       )
CAPACITY; THE MARICOPA COUNTY  )
BOARD OF SUPERVISORS; THE      )
HONORABLE HELEN PURCELL, THE   )
DULY ELECTED MARICOPA COUNTY   )
RECORDER, WHO IS NAMED SOLELY IN )
HER OFFICIAL CAPACITY, AND THE )
HONORABLE KAREN OSBORNE, THE   )
DULY APPOINTED MARICOPA COUNTY )
DIRECTOR OF ELECTIONS, WHO IS  )
SOLELY NAMED IN HER OFFICIAL   )
CAPACITY; THE HONORABLE BETSEY )
BAYLESS; THE DULY ELECTED      )
ARIZONA SECRETARY OF STATE IN  )
HER OFFICIAL CAPACITY,         )
                               )
        Defendants/Appellants. )
_____ )

Appeal from the Superior Court of Maricopa County
The Honorable Paul A. Katz, Judge

**AFFIRMED**

WILLIAMS & ASSOCIATES                                    Scottsdale
        By    Scott E. Williams
              and
LAW OFFICE OF ROBERT E. MELTON                           Scottsdale
        By    Robert E. Melton
Attorneys for Plaintiff-Appellee

LAW OFFICE OF RAFAEL CONTRERAS                             Phoenix
        By    Rafael Contreras
Attorney for Defendant-Appellant Leija

RICHARD M. ROMLEY, MARICOPA COUNTY ATTORNEY                Phoenix
        By    Jill M. Kennedy, Deputy County Attorney
Attorneys for Defendants-Appellants the Honorable R. Fulton Brock,
Don Stapley, Andrew Kunasek, Max Wilson, Mary Rose Wilcox, Maricopa
County Board of Supervisors, the Honorable Helen Purcell, and the
Honorable Karen Osborne.

**R Y A N**, Justice

¶1        Salomon Leija filed nominating petitions to have his name appear on the Democratic primary ballot as a candidate for the office of Maricopa County Constable, East Phoenix #1 Precinct. John Powers brought an action in the trial court against Leija and several others, challenging Leija's candidacy on the grounds that Leija did not reside in the precinct.

¶2        The trial court held an evidentiary hearing after which it found the following.  In May 2002 Leija and his wife moved from their three-bedroom west Phoenix home and signed a six-month lease on a small studio apartment in the East Phoenix #1 Precinct.  Leija obtained a driver's license and changed his voter registration card using the new address.  Both Leija and his wife had lived in the apartment since May, and were renting their house in west Phoenix

to family members for well below the fair market value. The majority of their furniture, clothes and personal belongings remained in their west Phoenix home, and the "cramped" apartment had "minimal bare bones furnishings." Leija did not change his mailing address with his bank or creditors and most of the accounts for the home's utility services remained in the couple's names.

¶3       The trial court concluded, by a preponderance of the evidence, that Leija did not move to the apartment with an intent to stay for an indefinite time. The court determined that the reason for the move was so Leija could run for office and that if he lost the election, he would move back to his home in west Phoenix. The court enjoined the Maricopa County Elections Department and the Secretary of State from placing Leija on the Democratic primary ballot. Leija then appealed to this court, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") section 16-351(A) (Supp. 2001). In a previous order, we affirmed the trial court with a written decision to follow. This is that decision.

¶4       Leija contends that the trial court erred by applying a preponderance of the evidence standard instead of a clear and convincing evidence standard. Leija concedes that he was aware of the standard of proof the trial court applied at the evidentiary hearing, and admits that he did not properly raise the issue below. He maintains, however, that this court should consider the issue on

the merits because it is a matter of statewide importance. Substantively, Leija asserts that his voter registration card with the new address raised the presumption that he is a resident of East Phoenix #1 Precinct. He argues that the presumption can only be rebutted by clear and convincing evidence under A.R.S. § 16-121.01(B) (1996) and *McDowell Mountain Ranch Land Coalition v. Vizcaino*, 190 Ariz. 1, 945 P.2d 312 (1997).

**¶5** The failure to raise an error at the trial court level constitutes a waiver of that argument if brought for the first time on appeal. *See Trantor v. Fredrikson*, 179 Ariz. 299, 300, 878 P.2d 657, 658 (1994). But even if Leija had not waived the issue concerning the standard of proof, the trial court did not err in applying a preponderance of the evidence standard. Section 16-121.01 applies only to whether a citizen is properly registered to vote, not to a challenge of a candidate's residency in a precinct. When applicable, that statute requires a clear and convincing standard of proof. A.R.S. § 16-121.01(B). *McDowell Mountain* applied that standard in a challenge involving whether petition circulators were qualified electors, a requirement for petition circulators under A.R.S. § 19-114(A) (2002). 190 Ariz. at 4, 945 P.2d at 315.

**¶6** Such a standard of proof does not apply here for the following reasons. First, the requirements for candidates for public office are governed by A.R.S. § 16-311(A) (Supp. 2001). It

states in part that candidates "shall reside in the county, district or precinct which the person proposes to represent." And A.R.S. § 16-101 (1996) defines residency for the purposes of Title 16 as "actual physical presence in the political subdivision, combined with an intent to remain." A.R.S. § 16-101(B). Second, unlike § 16-121.01, A.R.S. § 16-311(A) is silent as to the required standard of proof. Third, the issue here does not concern an individual's constitutionally protected right to vote. *See Reynolds v. Sims*, 377 U.S. 533, 562 (1964) (recognizing the right to vote as fundamental, subject to strict scrutiny). There is no analogous constitutional right to qualify and run for office. *See Bullock v. Carter*, 405 U.S. 134, 142-43 (1972) (refusing to apply strict scrutiny analysis to barriers to candidate access to primary ballot). Therefore, we hold that the standard of proof to be applied in determining whether a candidate resides in the political subdivision which he or she proposes to represent is preponderance of the evidence.

¶7    We will sustain the findings of the trial court if the record contains substantial evidence to support the trial court's action. *In re Estate of Pouser*, 193 Ariz. 574, 579, ¶ 13, 975 P.2d 704, 709 (1999). Substantial evidence supports the trial court's finding that Leija did not intend to remain in the East Phoenix #1 Precinct unless he won the election.

¶8    Accordingly, we affirm the trial court's order enjoining

the Maricopa County Elections Department and the Secretary of State from placing Leija's name on the Democratic primary ballot.

                                    _____

                                    Michael D. Ryan, Justice

CONCURRING:

_____

Charles E. Jones, Chief Justice

_____

Ruth V. McGregor, Vice Chief Justice

_____

Stanley G. Feldman, Justice

(Note:  Justice Rebecca White Berch did not participate in the determination of this matter.)