NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

SHANNON HANSON, *Petitioner/Appellant*,

*v.*

BRANDON CARL WHETTEN, *Respondent/Appellee*.

No. 1 CA-CV 13-0386
FILED 06-17-2014

---

Appeal from the Superior Court in Maricopa County
No. FC2007-002611
The Honorable John R. Hannah, Judge

**AFFIRMED**

---

COUNSEL

Jeffrey M. Zurbriggen, P.C., Phoenix
By Jeffrey M. Zurbriggen
*Counsel for Petitioner/Appellant*

Brandon Carl Whetten, Winslow
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Margaret H. Downie and Judge Donn Kessler joined.

---

**J O N E S**, Judge:

¶1          Shannon Hanson (Mother) appeals the trial court's decision to deviate from the child support guidelines in setting Brandon Whetten's (Father) support obligation, as well as the trial court's decision to not award her attorney's fees.[1]  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          In 2007, Mother was granted a "default decree of dissolution of non-covenant marriage," and awarded sole legal custody of the couple's only child, S.W.; the decree did not award Father parenting time, or require him to pay child support, due to his incarceration.

¶3          In September 2011, in anticipation of his release from prison, Father petitioned to modify custody, parenting time, and child support.[2] A temporary orders hearing was held in March 2012, following which the trial court elected not to enter temporary orders regarding parenting time, as it awaited the outcome of a pending motion to terminate Father's parental rights.  At a status conference in May 2012, the trial court was informed the severance would not go forward; it then re-set the temporary orders hearing for June 7, 2012.  At the June hearing, the trial court appointed a therapeutic interventionist to help with Father's transition into S.W.'s life.  Thereafter, following a series of Review Hearings regarding the progress of the therapeutic intervention, the trial court set a "Review Hearing/Child Support Establishment Hearing" for April 25, 2013.

¶4          Mother and Father each testified at the April hearing.  In its subsequent minute entry, with regard to the establishment of child support, the trial court attributed minimum wage income to Father, and monthly income of $8,000 to Mother.  The court then found, based upon

---

[1] Initially, we note Father did not file an answering brief on appeal, which could constitute a confession of reversible error.  However, in our discretion, we choose to resolve the appeal on the merits of the case.  *See Patterson v. Patterson*, 226 Ariz. 356, 358 n.2, 248 P.3d 204, 206 n.2 (App. 2011).

[2] Father requested: (1) he and Mother be given joint legal custody of S.W.; and (2) he be granted reasonable parenting time and ordered to pay child support to Mother.  However, he did not specify the amount of child support he should pay or attach a "Child Support Worksheet."

application of the Child Support Guidelines, that Father owed Mother $173.72 per month for a period of eighteen months (October 2011 through March 2013), for a total arrearage obligation of $3,126.96. However, the trial court then determined that child support based upon the Child Support Guidelines would be inappropriate or unjust, and reduced Father's obligation to $0 for both past and current child support. Mother timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) section 12-2101(A)(2) (2014).[3]

**DISCUSSION**

¶5 Mother argues the trial court erred in several respects by deviating from the Child Support Guidelines in setting Father's support obligation. "An award of child support is left to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion." *Cummings v. Cummings*, 182 Ariz. 383, 385, 897 P.2d 685, 687 (App. 1994). Arizona adopted the Child Support Guidelines, *inter alia*, "[t]o establish a standard of support for children consistent with the reasonable needs of children and the ability of parents to pay," and also for consistency between persons in similar circumstances. A.R.S. § 25-320 app. § 1(A)-(B) (2014) ("Guidelines"). Therefore, it is presumed the child support award will be derived from the guidelines. Guidelines § 3. Although, a court may deviate from that presumed amount if it finds application of the guidelines would be inappropriate or unjust. Guidelines § 20.

**I.     Deviation From Child Support Guidelines**

   A.     Deviation Not Requested by Father

¶6 Mother first argues, without citation to relevant authority, the trial court abused its discretion by reducing Father's child support obligation to zero because Father did not request a deviation. While Mother's factual assertion is correct, her allegation of error is not.

¶7 A court is directed by the Guidelines to deviate from the presumed child support amount if, in light of the factors set forth in A.R.S. § 25-320, the application of the Guidelines amount would be inappropriate or unjust in the immediate case, deviation is not contrary to the child(ren)'s best interests, and the court makes written findings regarding

_____

[3] Absent material revisions after the relevant dates, we cite the current version of the statutes and rules unless otherwise indicated.

each of these requirements, as well as stating what the amount of child support would be both prior to and after deviation. Guidelines § 20 (A) (stating "[t]he court shall deviate from the guidelines . . . only if all the . . . criteria are met"); *Mead v. Holzmann*, 198 Ariz. 219, 223 n.5, ¶ 14, 8 P.3d 407, 411 n.5 (App. 2000) ("The Guidelines *mandate* a deviation . . . when the failure to do so would result in the imposition of an inappropriate or unjust support order.") (emphasis in original). Therefore, the trial court was within its discretion to, *sua sponte,* deviate from the Guidelines, even in the absence of a specific request to do so by Father.

### B. Evidentiary Support for Deviation

**¶8** Mother next contends the trial court abused its discretion as its decision to deviate from the Guidelines was unsupported by evidence. "An abuse of discretion exists when the record, viewed in the light most favorable to upholding the trial court's decision, is 'devoid of competent evidence to support' the decision." *Little v. Little*, 193 Ariz. 518, 520, ¶ 5, 975 P.2d 108, 110 (1999). In this instance, we cannot find the trial court abused its discretion.

**¶9** Initially, we need note that Mother did not provide the Child Support Establishment Hearing transcript to this Court on appeal. *See* ARCAP 11(b)(1) (placing the responsibility of providing relevant transcripts to this Court on appeal with the appellant). When a party fails to do so, we assume the record from the hearing supports the trial court's ruling. *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 16, 66 P.3d 70, 73 (App. 2003). The trial court attributed minimum wage to Father and $8,000 in monthly income to Mother. Further, it found Father has, essentially, zero parenting time with S.W., and that the therapeutic intervention costs are substantially more than Father's Guidelines-based support obligation of $173.72 per month. As we assume the evidence at the hearing supports the trial court's findings, we will not set aside the order based on alleged insufficiency of the evidence.

### C. Insufficient Written Findings

**¶10** Lastly, Mother argues the trial court abused its discretion in failing to make written findings regarding the statutory factors contained within A.R.S. § 25-320(D), and by failing to make the requisite written findings to justify the deviation under Section 20 of the Child Support Guidelines.

1.      Statutory Factors

**¶11**      When ordering child support in an amount inconsistent with the child support guidelines, the court must first consider all relevant factors, including those set forth in A.R.S. § 25-320(D).[4]  Mother argues the trial court's findings were insufficient because it did not make written findings.  We disagree.

**¶12**      There is a distinction between "written findings," and need for the court's "consideration" of the A.R.S. § 25-320(D) criteria.  The Guidelines do not mandate written findings regarding the relevant factors, but merely require the court to consider the factors before deviating from the Guidelines.  *Elliott v. Elliott*, 165 Ariz. 128, 131 n.1, 796 P.2d 930, 933, n.1 (App. 1990); Guidelines § 20(A).  The court noted in its minute entry that it had "considered all of the relevant factors."  Further, we presume the court considered a factor if the record contains evidence relating to that factor.  *Fuentes v. Fuentes*, 209 Ariz. 51, 55-56, ¶¶ 17-18, 97 P.3d 876, 880-81 (App. 2004).  As we have not been provided a certified transcript of the child support hearing, we assume the trial court correctly considered the relevant factors upon which evidence was provided as

---

[4] A.R.S. § 25-320(D) sets forth the following factors:

1.  The financial resources and needs of the child.
2.  The financial resources and needs of the custodial parent.
3.  The standard of living the child would have enjoyed if the child lived in an intact home with both parents to the extent it is economically feasible considering the resources of each parent and each parent's need to maintain a home and to provide support for the child when the child is with that parent.
4.  The physical and emotional condition of the child, and the child's educational needs.
5.  The financial resources and needs of the noncustodial parent.
6.  The medical support plan for the child.  The plan should include the child's medical support needs, the availability of medical insurance or services provided by the Arizona health care cost containment system and whether a cash medical support order is necessary.
7.  Excessive or abnormal expenditures, destruction, concealment or fraudulent disposition of community, joint tenancy and other property held in common.
8.  The duration of parenting time and related expenses.

required. *See Baker v. Baker*, 183 Ariz. 70, 73, 900 P.2d 764, 767 (App. 1995). Therefore, on this record, we find no abuse of discretion.

## 2. Deviation Findings

**¶13** Mother contends on appeal that the trial court's written findings were insufficient to support a deviation. Mother, however, did not object to the lack of findings to the trial court. Generally, a party's failure to raise the issue to the trial court amounts to waiver of the issue on appeal. *Trantor v. Fredrikson*, 179 Ariz. 299, 300-01, 878 P.2d 657, 658-59 (1994); *In re Marriage of Pownall*, 197 Ariz. 577, 583, ¶ 27, 5 P.3d 911, 917 (App. 2000). The reason for this principle is to allow the trial court and opposing party to correct any defects prior to them being raised on appeal. *Trantor*, 179 Ariz. at 300, 878 P.2d at 658. However, the waiver rule is not absolute, and has not been applied in situations like this, where the issue concerns the best interests of a child. *See Reid v. Reid*, 222 Ariz. 204, 209-10, ¶ 20, 213 P.3d 353, 358-59 (App. 2009). Therefore, we address the merits of Mother's argument.

**¶14** A trial court is entitled to deviate from the Guidelines when, after considering the relevant factors (including those set forth in § 25-320(D)) and the best interests of the child, the court finds an application of the Guidelines would be "inappropriate or unjust." Guidelines § 20(A)(1)-(2). The court must also make written findings explaining why it deviated, as well as what the child support amount is before and after deviation. Guidelines § 20(A)(3)-(5); *Patterson,* 226 Ariz. at 358, ¶ 5, 248 P.3d at 206.

**¶15** Here, the trial court made the requisite written findings. In its minute entry, it calculated Father's child support amount under the Guidelines was $173.72 per month; after deviation, his child support amount was zero. The trial court expressly found the "application of the child support guidelines would be unjust or inappropriate in this case," and stated it had considered the best interests of the child. The court explained it was deviating from the Guidelines amount because the cost of Father's therapeutic intervention with S.W. was "substantially greater than the support on an ongoing basis" and was therefore "a substantial reason to deviate from the guidelines." Further, the court found a substantial disparity between the parties' respective monthly income, attributing $8,000 to Mother and minimum wage to Father.

## II.    Attorney's Fees in Trial Court

**¶16**        In several filings, Mother requested the trial court award her costs and attorney's fees.  The trial court did not rule upon Mother's request in its order setting Father's child support.  As such, we deem her request was denied.  *See Pearson v. Pearson*, 190 Ariz. 231, 237, 946 P.2d 1291, 1297 (App. 1997).  On appeal, Mother asserts the trial court's handling of the matter constituted error.  We review the trial court's decision to award or deny attorney's fees and costs for an abuse of discretion. *In re Marriage of Robinson and Theil*, 201 Ariz. 328, 335, ¶ 20, 35 P.3d 89, 96 (App. 2001).

**¶17**        A.R.S. § 25-324(A) allows a trial court to award a party a reasonable amount of attorney's fees and costs upon consideration of "the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings."  To merit consideration for fees, a party must demonstrate "he or she is financially *poorer* than the other spouse." *Magee v. Magee*, 206 Ariz. 589, 591, ¶ 12, 81 P.3d 1048, 1050 (App. 2004) (emphasis in original).  The benchmark for eligibility rests upon a "relative financial disparity between the parties."  *Id.* at 593, ¶ 18, 81 P.3d at 1052.

**¶18**        Here, as previously mentioned, the trial court attributed $8,000 in monthly income to Mother and minimum wage to Father.  As Mother's income far exceeds Father's, the trial court did not abuse its discretion in denying Mother's request for attorney's fees and costs.

### CONCLUSION

**¶19**        Based upon the foregoing, we affirm the trial court's child support award. Mother requests her attorney's fees and costs on appeal. As she is not the prevailing party, we deny that request.



Ruth A. Willingham · Clerk of the Court
FILED: gsh