NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

MICHELLE STEFFANIE BASTIAN, *Petitioner/Appellant*,

*v.*

NEIL ROBERT ENDRESEN, *Respondent/Appellee*.

Nos. 1 CA-CV 14-0038 FC
1 CA-CV 14-0706 FC
(Consolidated)
FILED 12-3-2015

Appeal from the Superior Court in Maricopa County
No.  FC2007-071097
The Honorable Jose S. Padilla, Judge
The Honorable Jeanne Garcia, Judge

**AFFIRMED IN PART; VACATED IN PART AND REMANDED**

COUNSEL

Judith A. Morse PC, Phoenix
By Judith A. Morse
*Counsel for Petitioner/Appellant*

Christopher S. Short PC, Glendale
By Christopher S. Short
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Chief Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Andrew W. Gould joined.

---

**B R O W N**, Chief Judge:

¶1        Michelle Bastian ("Mother") appeals from the trial court's order retroactively modifying child support.  For the following reasons, we affirm the court's decision modifying Mother's child support obligation, but we vacate the court's decision to apply the modification retroactively and remand for further proceedings.

## BACKGROUND

¶2        The trial court dissolved Mother's marriage to Neil Endresen ("Father") in 2007, granting Mother sole custody of the parties' minor child, granting Father parenting time, and ordering Father to pay child support. In 2012, the parties stipulated to joint custody[1] and Father continued to abide by the parenting time plan and pay child support.

¶3        In May 2013, Mother filed a petition to modify legal decision-making authority regarding school selection.  In his response, Father requested equal parenting time.  Following an evidentiary hearing, the trial court granted Father equal parenting time and, effective June 1, 2013, ordered Mother to pay Father $78.13 per month in child support.

¶4        The court denied Mother's motion for relief from judgment and her motion to reconsider that denial.  Mother timely appealed.

## DISCUSSION

### I.  Due Process

¶5        Mother argues she did not receive proper notice of the child support modification issue or a meaningful opportunity to be heard at the evidentiary hearing.  We review de novo Mother's claims that she was

---

[1]        As amended by the legislature in 2012, custody is now termed "legal decision-making" under the governing statutes.  *See* Ariz. Rev. Stat. ("A.R.S.") § 25-401.

denied due process. *Savord v. Morton*, 235 Ariz. 256, 260, ¶ 16 (App. 2014). We will reverse a court's order based on due process errors only on a showing of prejudice. *Volk v. Brame*, 235 Ariz. 462, 470, ¶ 26 (App. 2014).

### A.  Notice

**¶6**　　　　Mother asserts she did not have adequate notice that child support would be modified at the evidentiary hearing because Father "never filed a petition seeking modification of child support" as required by Arizona Rule of Family Law Procedure ("Family Rule") 91(B)(2)(a). Filing a petition to modify child support, however, is not a prerequisite to modification. Pursuant to A.R.S. § 25-403.09(A), "the court shall determine an amount of child support in accordance with § 25-320 and guidelines" when entering "any parenting time order[.]" Thus, when the trial court modifies parenting time, as it did here, the court is "required to address child support," even in the absence of a formal petition. *Heidbreder v. Heidbreder*, 230 Ariz. 377, 379–81, ¶¶ 7- 12 (App. 2012) (noting that Family Rule 91's procedural requirement to file a petition seeking to modify child support is not inconsistent with A.R.S. § 25-403.09(A) because both require notice and a meaningful opportunity to be heard).

**¶7**　　　　Mother next argues she did not have adequate and timely notice that Father intended to challenge child support because he delayed requesting it until the filing of the joint pretrial statement a few days before the hearing. Mother also contends the trial court failed to give her notice that it intended to consider evidence relevant to child support at the evidentiary hearing and would make a subsequent ruling regarding the parties' obligations.

**¶8**　　　　We may reverse a child support modification order when the parties had inadequate notice that child support would be addressed at a hearing. *Heidbreder*, 230 Ariz. at 381, ¶¶ 13–14; *Cook v. Losnegard*, 228 Ariz. 202, 205–06, ¶¶ 17–18 (App. 2011). The record here, however, contains ample evidence Mother had adequate notice. Father requested modification of his parenting time in May 2013. When Father's counsel filed a notice of appearance, he noted that child support was at issue. The trial court set the evidentiary hearing and ordered the parties to file a joint pretrial statement with current affidavits of financial information and child support worksheets attached.

**¶9**　　　　Additionally, prior to the evidentiary hearing, Father filed an amended response requesting child support modification. Several days before the hearing, the parties identified child support as a contested issue

in their joint pretrial statement and Father again requested modification of child support. On this record, we conclude that Mother had adequate and timely notice that the court would consider evidence regarding Father's request for child support modification at the evidentiary hearing.

¶10        Mother further argues that Father's failure to disclose his tax returns, pay stubs, or proof of health insurance costs in compliance with Family Rule 49 denied her "adequate notice of the evidence and the opportunity to be prepared to rebut that evidence at the evidentiary hearing." However, Mother admits she received Father's affidavit of financial information six days before the evidentiary hearing. Father's affidavit included his W2s and pay stubs, which showed the amount deducted for health care premiums. Mother does not explain how she was prejudiced by Father's failure to disclose his tax returns. General allegations of non-compliance with Rule 49 do not warrant reversal. *See* Ariz. Const. art. 6, § 27 ("No cause shall be reversed for technical error in pleadings or proceedings when upon the whole case it shall appear that substantial justice has been done."). We therefore discern no reversible error.

## B.    Meaningful Opportunity to be Heard

¶11        Relying primarily on *Volk*, Mother argues the trial court denied her a meaningful opportunity to be heard because the court "insisted" it could handle the issue of child support in "five minutes" and that time limitation led to confusion about income and incorrect and inconsistent information about health care and child care costs, and the court erred in relying "almost exclusively on avowals of counsel." In *Volk*, the trial court allotted fifteen minutes for a child support modification hearing at which Father's self-employment income amount was in dispute. 235 Ariz. at 465, ¶ 4. Father raised due process concerns over the time limitation and the court prohibited the parties from testifying, relying exclusively on avowals from counsel and disputed documents. *Id*. at 465–66, ¶¶ 9–11, 469 n.6, ¶ 22. We held that "a court abuses its discretion when it adheres to rigid time limits that do not permit adequate opportunity for efficient direct testimony and cross-examination." *Id*. at 464, ¶ 1. We further held that "when the resolution of an issue before the court requires an assessment of credibility, the court must afford the parties an opportunity to present sworn oral testimony and may not rely solely on avowals of counsel." *Id*.

¶12        In contrast to the circumstances in *Volk*, the record here shows that the trial court allotted each party one hour to address the underlying

issues at the evidentiary hearing and advised the parties it would address child support at the conclusion of the hearing, to which Mother's attorney made no objection. Although the court stated it could "take care of" child support in five minutes, Mother's attorney made no formal objection to the amount of time spent addressing child support. Mother's attorney specifically advised the court she was "less concerned about litigating the last minute child support issue, although it . . . has created . . . a time issue." Finally, she did not ask for additional time nor did she seek a continuance of the hearing.

¶13 Furthermore, despite Mother's claims that it was error for the trial court to rely "almost exclusively" on avowals of counsel, the record shows counsel and the court asked Mother and Father about their respective incomes and additional children. And although the court asked *Mother* a question about daycare costs, *Mother's attorney* answered, and Mother made no effort to correct the statement given by her attorney that was inconsistent with her affidavit of financial information.[2] Further, Mother's attorney did not object to any of Father's testimony or the information supplied by Father's attorney during questioning about health care costs, nor did she make any effort to cross-examine Father.[3]

¶14 Mother further claims the trial court did not provide her the opportunity to view Father's financial exhibits and evidence. Although Mother's attorney asked the court to "briefly just take a look at the exhibits" before questioning began concerning child support, to which the court did not respond, neither party proffered exhibits related to child support. Mother cannot claim she was prejudiced by the admission of exhibits that

---

[2] To the extent Mother argues the court erred in omitting daycare costs from its child support worksheet filed later that day, Mother never objected or moved to modify the new child support amount on that basis. Therefore, Mother has waived this argument on appeal. *See Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994) (errors not raised in trial court cannot generally be asserted on appeal).

[3] The court's child support worksheet listed Father's healthcare costs at $150, an amount that was not provided to the court during the hearing. As with the omission of daycare costs, Mother never objected to the court's child support worksheet or moved to modify the new child support amount on this basis. To the extent Mother argues this was error, she has waived it on appeal. *See Trantor*, 179 Ariz. at 300.

were not proffered.  On this record, Mother was not denied a meaningful opportunity to be heard.

## II. Effective Date of Child Support Modification

**¶15**      Mother argues that the effective date of the trial court's order modifying child support should have been November 1, 2013, based on the new parenting time schedule that went into effect on that date.   We review a court's decision to modify child support for abuse of discretion, but we review de novo the court's interpretation of the child support modification statutes.  *See Guerra v. Bejarano*, 212 Ariz. 442, 443, ¶ 6 (App. 2006); *State v. Demetz*, 212 Ariz. 287, 289, ¶ 6 (App. 2006).

**¶16**      An order modifying child support is  "effective on the first day of the month following notice of the petition for modification . . .  unless the court, for good cause shown, orders the change to become effective at a different date but not earlier than the date of filing the petition for modification or termination."  A.R.S. §§ 25-327(A), -503(E).

**¶17**      Father filed his response requesting modification of parenting time on May 29, 2013, in which he asked the court to order equal parenting time.   Because a modification of parenting time necessarily entails a modification of child support, A.R.S. § 25-403.09(A), and the parties listed child support as a contested issue in the joint pretrial statement, which had "the effect of amending the pleading," *Carlton v. Emhardt,* 138 Ariz. 353, 355 (App. 1983), we treat Father's request to modify parenting time as a petition to modify child support.  Thus, under the plain language of A.R.S. §§ 25–327(A) and -503(E), the presumptive date for the child support modification order is June 1, 2013, unless good cause is shown to set a different effective date.

**¶18**      Mother argues the trial court erred when it ordered child support modification to begin retroactively on June 1, 2013 because the basis for modification was a change in parenting time that did not occur until November 1, 2013.  The court rejected this argument, stating that it had no "equitable authority" and that modification was effective June 1, 2013 because "that's what the Statute says.  It's modified the first day of the month following the Notice."[4]

---

[4]      The trial court found that Mother had notice parenting time was an issue as of May 2, 2013, the date the parties reached a mediation agreement and identified parenting time as a disputed issue.   Child support

6

¶19        We conclude the court's ruling failed to account for the provisions of A.R.S. §§ 25–327(A) and -503(E), which give a court discretion to determine whether good cause exists to modify the child support amount attributed to a change in parenting time. An abuse of discretion occurs when the trial court "fails to exercise its discretion in ruling on a matter." *See State v. Vega*, 228 Ariz. 24, 26, ¶ 6 (App. 2011). Accordingly, we remand to permit the trial court to consider in its discretion whether good cause exists to modify child support effective from a different date than the first day of the month following notice of the petition.

## CONCLUSION

¶20        For the reasons stated above, we affirm the modification of child support, but vacate and remand for reconsideration as to its retroactive application. In the exercise of our discretion, we deny the parties' requests for attorneys' fees on appeal pursuant to A.R.S. § 25-324. We award Father his taxable costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

modifications are "effective on the first day of the month following *notice of the petition for modification*," not notice of the issue being disputed. A.R.S. §§ 25-327(A), -503(E) (emphasis added). Under the plain language of the statute, the date that triggered the effective date of modification here was not May 2, 2013, but May 29, 2013, the date Father filed his response requesting modification of parenting time. Regardless, the presumptive effective date is June 1, 2013, using either notice date.