NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

APRIL CHRISTINE WEEKS, *Petitioner/Appellant*,

*v.*

DAVID PAUL WEEKS, *Respondent/Appellee*.

No. 1 CA-CV 15-0459 FC
FILED 9-27-2016

Appeal from the Superior Court in Yavapai County
No.  P1300DO201400583
The Honorable Patricia A. Trebesch, Judge

**AFFIRMED**

COUNSEL

Law Offices of Robert L. Frugé, P.C., Prescott
By Robert L. Frugé
*Counsel for Petitioner/Appellant*

Miller Shaw, PLLC, Prescott
By Bryan C. Shaw
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Chief Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jon W. Thompson joined.

---

**B R O W N**, Chief Judge:

¶1 April Christine Weeks ("Wife") appeals from the trial court's decree of dissolution granting the marital community an equitable lien against Wife's sole and separate property in favor of David Paul Weeks ("Husband"). Wife argues the court failed to apply the proper formula when calculating the amount of the lien. For the following reasons, we affirm.

**BACKGROUND**

¶2 The parties were married in March 2004. In June that year, Wife purchased vacant land in Prescott Valley, known as the Weekhaven property, using a $30,000 gift from her grandparents. Husband signed a disclaimer deed acknowledging the Weekhaven property as Wife's "sole and separate property." In October, Wife borrowed funds to build a home, and upon its completion in April 2005 she paid off the construction loan with permanent financing of $141,000. The parties then lived in the home with their three children until Wife petitioned for dissolution of the marriage in July 2014.

¶3 In her pretrial statement, Wife requested that she be assigned the marital home as her sole and separate property, asserting such disposition would be "consistent with Arizona law and the facts." Wife made no mention of an equitable lien. In his pretrial statement, Husband claimed an equitable interest in the marital home and asserted that the court would have to determine the value of the interest.

¶4 At trial, testimony from Wife and Husband revealed that only community funds were used to pay the mortgage and all expenses related to the marital home from the time Wife incurred the construction loan until she filed for dissolution. Husband produced the only documented appraisal of the home, indicating a value of $275,000 as of October 2014. Husband testified he believed the home was worth $500,000 in 2005, and had dropped to $300,000 when Wife refinanced in 2012. However, neither

2

Husband nor Wife provided any documentary evidence at trial of the property's value other than the October 2014 appraisal. Addressing the issue of an equitable lien in favor of the community, Husband testified that the amount of the lien should be $123,659, calculated as follows: $275,000 (value at dissolution) minus $121,341 (mortgage balance) minus $30,000 (funds Wife used to purchase the land).

¶5 After hearing testimony, the trial court invited additional briefing addressing the equitable lien. Wife's post-trial brief acknowledged that all the mortgage payments for the marital home were made from community funds. She argued that the property had depreciated, based on Husband's testimony that he believed the original value of the home was $500,000. Wife cited several cases recognizing that use of community funds to pay a mortgage on separate property gives rise to an equitable lien in favor of the community, but provided no formula or specific calculation other than asserting the community lien should be the amount the mortgage was reduced during the marriage ($18,518.48). Husband's post-trial brief essentially mirrored his trial testimony, contending the community lien should be measured by the property's appreciation, not merely the amount contributed by the community.

¶6 In its subsequent ruling, the trial court recognized the marital residence was Wife's sole and separate property, but noted Wife offered no testimony that would assist the court in determining the amount of an equitable lien. The court rejected Wife's attempts to show the value of the home had depreciated, finding that Husband's testimony about the original value of the home was neither credible nor persuasive. The court then determined that Husband had established by a preponderance of the evidence an equitable lien in favor of the community, finding that other than the $30,000 gift that Wife used to purchase the vacant lot, the parties "used only marital income to maintain and improve" the property. The court calculated the equitable lien as follows:

| | |
|---|---|
| Value/appraisal at time of trial | $ 275,000.00 |
| Unpaid mortgage balance when petition served | — 122,481.52 |
| Wife's initial contribution to purchase land | — 30,000.00 |
| Community Equity | $ 122,518.48 |

The court found that Husband was entitled to half of the lien in the amount of $61,259.24. The court then reduced Husband's share to $33,468.06, "as an equalization for a fair and equitable allocation of community assets . . .

3

in recognition of the allocation of property and debt to Wife[.]"  This timely appeal followed.

**DISCUSSION**

¶7        Wife does not dispute any of the trial court's factual findings, nor does she challenge the court's finding that the evidence supported imposing an equitable lien in the marital home on behalf of the community. Instead, Wife argues the trial court failed to use the formula this court applied in *Drahos v. Rens*, 149 Ariz. 248, 250 (App. 1985), and in subsequent cases.

¶8        We will uphold the court's factual findings unless clearly erroneous or unsupported by any credible evidence, *Hrudka v. Hrudka*, 186 Ariz. 84, 91 (App. 1995), but we draw our own legal conclusions from the facts found or implied by the family court, *McNutt v. McNutt*, 203 Ariz. 28, 30, ¶ 6 (App. 2002).  We review the court's apportionment of community property for abuse of discretion and consider the evidence in the light most favorable to upholding the decree.  *Boncoskey v. Boncoskey*, 216 Ariz. 448, 451, ¶ 13 (App. 2007).

¶9        When mortgage payments have been made using community funds, courts typically apply the "value-at-dissolution" formula set forth in *Drahos* to determine the amount of the community's equitable lien. 149 Ariz. at 250; *Valento v. Valento*, 225 Ariz. 477, 481, ¶ 13 (App. 2010) (explaining the "value-at-dissolution" approach is generally "appropriate to value a community lien").  The *Drahos* formula consists of the following:

$\boxed{C + (C/B \times A)}$ , where

A = appreciation in value during marriage (or since purchase if purchased during marriage)

B = purchase price at date of marriage (or at time of purchase if purchased during marriage)

C = community contributions to mortgage principal

¶10        Wife, however, did not ask the trial court to employ this formula in determining the value of the equitable lien.  Notwithstanding that the "value-at-dissolution" principle is well-recognized in Arizona, Wife essentially ignored it at trial.  Instead of acknowledging that the marital community paid all expenses associated with the marital home for almost ten years, Wife took the position that Husband was entitled to only one-half of the mortgage reduction ($9,250).  She did not provide the court

with any documentation that the property value had decreased since the home was constructed, nor did she offer any evidence of relevant values or even suggest a formula the court could have used to accurately calculate the lien. Wife was aware of the equitable lien amount to which Husband asserted he was entitled (one-half share of $123,659); she was present at trial, represented by counsel, and Husband detailed his calculations in arriving at such amount. Yet, Wife provided no additional evidence to challenge his calculations, nor did she argue that the court was using the wrong formula.

¶11        On appeal, Wife posits a hypothetical value for the land and home when first constructed of $180,000, asserting the trial court "lacked any evidence of the value by which Wife's separate property had by the time of trial appreciated" and "did not even conclude that the property appreciated or depreciated." Wife could have presented evidence on these issues but did not. She also could have obtained an appraisal of the home as of the time construction was completed in April 2005, but she did not.

¶12        The trial court concluded that the community held an equitable lien in an amount essentially identical to that urged by Husband, and explained how it reached that conclusion. Nonetheless, Wife did not file any post-trial motions to bring to the court's attention its failure to use the *Drahos* formula. Instead, because she raised this issue for the first time in this court, she has waived the right to assert it on appeal. *Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994) (holding that absent extraordinary circumstances, we will not address issues raised for the first time on appeal).[1]

¶13        Waiver aside, Wife has not established that the trial court abused its discretion in calculating the amount of the equitable lien. Other than providing a hypothetical example, she has not explained what figures the court should have used in applying the *Drahos* formula. She points to the absence of evidence in the record, but does not identify what evidence she would present on remand that would affect the court's calculation of the community lien. Moreover, Wife's argument fails to account for the fact that after calculating the amount of Husband's share of the community lien, the court reduced it by approximately $28,000 to facilitate a "fair and

---

[1]        Wife argues that Husband had the burden to establish the amount of any equitable lien properly due to the community. The allocation of the burden of proof to one party, however, does not relieve the other from the duty to raise any appropriate legal argument bearing on that evidence.

equitable allocation of community assets." Because Wife has not demonstrated how she was harmed by the court's overall division of property and debts, we decline to remand the matter for further proceedings. *See* Ariz. Const. art. 6, § 27 ("No cause shall be reversed for technical error in pleadings or proceedings when upon the whole case it shall appear that substantial justice has been done."); *Phoenix W. Holding Corp. v. Gleeson*, 18 Ariz. App. 60, 65 (1972) ("In order to justify a reversal the error must be prejudicial to the substantial rights of the appellant.)"

¶14 Both parties request attorneys' fees incurred on appeal pursuant to Arizona Revised Statutes section 25-324(A), which authorizes a court to award attorneys' fees after considering the parties' financial resources and the reasonableness of their positions during the litigation. In our discretion, we decline to award attorneys' fees to either party. As the prevailing party, however, Husband is entitled to costs incurred on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶15 Based on the foregoing, we affirm the decree of dissolution.



AMY M. WOOD • Clerk of the Court
FILED:  AA