NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DOUG KULPINS and KIM KULPINS, husband and wife,
*Plaintiffs/Counterdefendants/Appellants*,

*v.*

LYNNE S. WEAVER, as Trustee of the LYNNE S. WEAVER LIVING
TRUST,
*Defendants/Counterclaimants/Appellee*s.

No. 1 CA-CV 15-0707
FILED 12-8-2016

Appeal from the Superior Court in Maricopa County
No.  CV 2013-000599
The Honorable Karen A. Mullins, Judge

**AFFIRMED**

COUNSEL

Law Offices of J. Roger Wood, PLLC, Tempe
By James Roger Wood, Erin S. Iungerich
*Counsel for Plaintiffs/Counterdefendants/Appellants*

Wong Carter, PC, Phoenix
By Matthew Klopp, Stewart F. Gross
*Defendant/Counterclaimant/Appellee*

--------------------------------

## MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

--------------------------------

**O R O Z C O**, Judge:

¶1          Doug and Kim Kulpins (the Kulpins) appeal the superior court's judgment in favor of Lynne S. Weaver, as Trustee of the Lynne S. Weaver Living Trust (Weaver).  For the following reasons, we affirm the superior court's judgment.

## FACTS AND PROCEDURAL HISTORY

¶2          The Kulpins and Weaver are neighbors, owning real property located within the Preserve at Shadow Mountain Homeowners Association (the HOA).  Weaver planted Sissoo, Mesquite, Ficus and Desert Willow trees in her backyard; these plants and trees were approved and recommended by the HOA's Design Review Guidelines (the DRGs). Weaver's backyard also had mature Ficus trees planted by the developer.

¶3          The Kulpins complained Weaver's landscaping blocked the views from their backyard and sued Weaver for breach of contract and a permanent injunction directing Weaver to immediately trim and permanently maintain their landscaping at a height equal to the shared block wall.  The Kulpins also contended Weaver completed her landscaping project without first having received a written approval by the HOA's Architectural Design Review Committee (the DRC), in violation of the HOA's recorded deed restrictions (the CC&Rs).  The Kulpins also demanded the original mature Ficus trees be cut down.

¶4          Prior to trial, both parties submitted a stipulated statement of facts, in which they agreed to the following:  (1) neither the CC&Rs nor the DRGs restrict the heights of trees or other landscaping; (2) the CC&Rs do not contain any restrictions with respect to owners' views; (3) neither party has a view easement with respect to each other's properties; (4) the DRGs encourage owners to plant trees and other landscaping from a list of plants approved by the DRC; (5) trees and bushes of varying heights are planted in the backyards of almost every home within the HOA; (6) the DRGs

govern front and rear yard landscaping; (7) improvements[1] visible from adjacent properties require prior written approval of the DRC; (8) the DRC approved Weaver's landscaping project subsequent to its completion, but without any height or location restrictions; (9) the DRC has "the right to refuse to approve any plans . . . not suitable . . . [and consider] the effect of the building or other structure . . . on the outlook from the adjacent or neighboring Property;" and (10) "[n]o . . . landscaping . . . which in any way alters . . . any part of a Lot . . . from its natural or improved state existing on the date such Lot was first conveyed or transferred by . . . Developer to a Public Purchaser shall be made . . . without the prior written approval of the [DRC]."

¶5        Before trial, neither party requested that the superior court issue findings of fact.  After a bench trial, the superior court entered judgment against the Kulpins' claims for breach of the CC&Rs and injunctive relief, without making findings of fact.  The Kulpins timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1 and -2101.A.1 (West 2016).[2]

## DISCUSSION

¶6        We review a superior court's denial of injunctive relief for abuse of discretion.  *See Ahwatukee Custom Est. Mgmt. Ass'n, Inc. v. Turner*, 196 Ariz. 631, 634, ¶ 5 (App. 2000).  A superior court abuses its discretion when it commits an error of law or fails to consider evidence in reaching a discretionary conclusion, commits some other substantial error of law, or if, upon review, "the record fails to provide substantial evidence to support the trial court's finding."  *Flying Diamond Airpark, LLC v. Meienberg*, 215 Ariz. 44, 50, ¶ 27 (App. 2007).  In the absence of express findings of fact, we will presume the superior court found every fact necessary to sustain its judgment, which we will affirm if reasonable evidence supports it, *Fleming v. Becker*, 14 Ariz. App. 347, 350 (1971), even if substantial contradictory evidence exists. *Moore v. Title Ins. Co. of Minn.*, 148 Ariz. 408, 413 (App. 1985).

---

[1]        The CC&Rs include "plantings, planted trees and shrubs" in their definition of Improvement.  CC&R, Art. I, Sec. 18.

[2]        We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

## I.     Findings of Fact

**¶7**     The Kulpins argue the superior court's final order does not comply with Arizona Rules of Civil Procedure 52(a) and 65(h) and substantive law because the court did not make findings of fact. They contend that the case should be remanded for the superior court to make such findings.

**¶8**     Rule 52(a) requires that "[i]n all actions tried upon the facts without a jury[,] . . . the court, *if requested before trial*, shall find the facts specially and state separately its conclusions of law thereon." (emphasis added); *Elliott v. Elliott*, 165 Ariz. 128, 134 (App. 1990) (requiring the trial court to make findings of all ultimate facts when a party submits a timely request pursuant to Rule 52(a)). "Because a trial court and opposing counsel should be afforded the opportunity to correct any asserted defects before error may be raised on appeal, absent extraordinary circumstances, errors not raised in the trial court cannot be raised on appeal." *Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994) (citation omitted).

**¶9**     Weaver argues the Kulpins should have requested the superior court issue findings of fact either prior to or after trial. She contends that because the Kulpins did not request findings of fact the judgment must be affirmed.

**¶10**     The Kulpins concede that they did not request any findings of fact pursuant to Rule 52(a). Therefore, the superior court was not required to make findings of fact.

**¶11**     The Kulpins also argue that the superior court was required to make findings of fact because a preliminary injunction was requested. Rule 65(h) states that "[e]very order *granting* an injunction . . . shall set forth the reasons for its issuance and shall be specific in terms." (emphasis added). Because the injunction requested was denied, the Rule 65(h) requirement for findings of fact does not apply.

**¶12**     Finally, the Kulpins challenge the superior court's denial of their claims for a permanent injunction and breach of contract. In the absence of express findings of fact, we review the record and determine whether reasonable evidence supports the superior court's judgment.

**¶13**     We find no error. The record shows that the Kulpins possess no easement protecting their views. The CC&Rs do not restrict the height of trees or landscaping. Weaver used trees pre-approved by the DRGs. The CC&Rs prohibit the alteration and removal of trees that were installed in

the Weaver's backyard by the original developer. Moreover, the DRC's approval of Weaver's landscaping project, after the fact, was not an unreasonable exercise of its discretionary design-control powers, *see Tierra Ranchos Homeowners Ass'n v. Kitchukov*, 216 Ariz. 195, 202, ¶ 28 (App. 2007), which we may presume the superior court concluded as well. *See Fleming*, 14 Ariz. App. at 350. The record thus provides substantial evidence to support the superior court's decision and we find no abuse of its discretion.

## II.        Attorney Fees

**¶14**        Both parties requested an award of attorney fees and costs on appeal. The Kulpins state no basis for their request in their opening brief. *See* ARCAP 21(a)(1) ("A party claiming attorney[] fees must do so in an opening or an answering brief on appeal."). Weaver makes her request pursuant to Arizona Rule of Civil Appellate Procedure 21, the CC&Rs,[3] and A.R.S. § 12-341.01. Section 12-341.01.A provides a court with discretion to award reasonable attorney fees to a prevailing party "[i]n any contested action arising out of a contract." *Id*. As Weaver is the prevailing party on appeal, we will award her a reasonable amount of attorney fees and costs incurred on appeal upon compliance with ARCAP 21.

## CONCLUSION

**¶15**        For the foregoing reasons, we affirm the superior court's judgment in favor of Weaver.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[3]        "[A]ny Owner shall have the right to . . . recover its attorney[] fees and costs in connection with [a proceeding in law or equity] if it prevails." CC&R, Art. IX, Sec. 2.