757 P.2d 612

**Joseph HAMM and Joan Hamm, husband and wife, Plaintiffs/Appellants,**

v.

**Y & M ENTERPRISES, INC., an Arizona corporation, Defendant/Appellee.**

**No. 2 CA–CV 87–0334.**

Court of Appeals of Arizona, Division 2, Department A.

June 30, 1988.

Karp, Stolkin, Weiss & McDonald, P.C. by Elizabeth F. Claiborne and Denise Shay, Tucson, for plaintiffs/appellants.

Fish, Duffield, Miller, Young, Adamson & Alfred, P.C. by Samuel D. Alfred, Tucson, for defendant/appellee.

OPINION

HATHAWAY, Judge.

The sole issue raised in this appeal is propriety of the trial court's award of attorney's fees to defendant/appellee.

Appellants entered into a contract with appellee for the construction of a private residence. When the contract was executed, appellants signed promissory notes secured by deeds of trust in favor of appellee for the sum of $13,000 as partial payment for the cost of construction. After the house was completed, appellants complained of faulty construction in various areas. Appellee attempted to make repairs; however, appellants were not satisfied. They advised appellee that no payments would be made on the promissory notes until the residence was properly repaired. Appellants filed suit against appellee and against their architect, who is not a party to this appeal. Appellee filed a counterclaim alleging appellants' default on the promissory notes.

Shortly prior to trial, the attorneys for the parties reached a settlement agreement. On the date of trial, the attorneys notified the court of the agreement. The court instructed the attorneys to file the appropriate documents within 30 days. Appellee's attorney prepared the documents and sent them to appellants' attorney. Appellants refused to sign the settlement agreement. Nothing was filed with the court within the 30-day period, and the court dismissed the case with prejudice on January 19, 1987. A motion to reinstate was denied on February 17, 1987. Appellee filed a motion to compel appellants to execute the settlement agreement, which was granted. Appellants ignored this order. On motion of appellee, its counterclaim was dismissed on May 26, 1987. Newly-retained counsel for appellants filed a motion to set aside the order of dismissal with prejudice, which was granted, the court amending its January 19, 1987, order to reflect dismissal without prejudice. Appellee filed a motion for attorney's fees and costs in the amount of $9,391.01, which covered all the time spent on the case. The court awarded fees of $2,336 in a minute entry which contains no statement of the statutory basis for its award; appellants filed this appeal challenging the award of attorney's fees to appellee.

Appellants raise three issues in their brief: (1) appellee was not entitled to an award of costs pursuant to A.R.S. § 12–341 or to attorney's fees pursuant to A.R.S. § 12–341.01(A); (2) appellee was not entitled to an award of attorney's fees under either A.R.S. § 12–341.01(C) or Ariz.R. Civ.P. 11(a), 16 A.R.S.; and (3) appellee was not entitled to an award of costs or attorney's fees pursuant to A.R.S. § 12–349. At oral argument, appellants also raised a jurisdictional issue. We affirm.

■ At oral argument, appellants argued that the request for attorney's fees for time spent on any matter other than the last motion, on which appellants prevailed, was barred by the 15–day limit of Ariz.R. Civ.P. 59(*l*), 16 A.R.S. The rule states: "A motion to alter or amend the judgment shall be filed not later than 15 days after entry of judgment." Appellants reason that because no attorney's fees were requested or awarded when the trial court ruled on earlier motions, appellee had 15 days after the court's ruling within which to file a motion to amend the court's ruling and include an award of attorney's fees. Having failed to so move, appellants argue, precludes appellee from receiving fees for any motion other than appellants' motion to change the dismissal from "with prejudice" to "without prejudice." Appellants cited no authority for this argument. We disagree with their position.

Two Arizona cases have discussed the applicability of Rule 59 to requests for attorney's fees: *Mark Lighting Fixture Co., Inc. v. General Electric Supply Co.*, 155 Ariz. 27, 745 P.2d 85 (1987), and *Title Insurance Company of Minnesota v. Acumen Trading Co., Inc.*, 121 Ariz. 525, 591 P.2d 1302 (1979). In both cases, the Arizona Supreme Court held that when a judgment does not contain an award of attorney's fees, a party has 15 days within which to file a motion requesting that the judgment be modified to include such fees. The court has held that the time limit for such a motion is jurisdictional and cannot be enlarged by the trial court. We believe, however, that these cases are distinguishable and do not apply to the case at bar. In both cases, the request for attorney's fees was based on A.R.S. § 12–341.01,

which provides that the court may award attorney's fees to the prevailing party. The award of fees in § 12–341.01 cases is inextricably linked with the judgment on the merits, as a party must prevail to be eligible for an award of attorney's fees. In addition, the award of attorney's fees in § 12–341.01 cases is discretionary with the court.

◼ Here, the request for attorney's fees was based on A.R.S. § 12–349(A)(3), which provides that the court shall assess attorney's fees if the court finds that an attorney or party, inter alia, "unreasonably expands or delays the proceeding." The award of attorney's fees under this statute is not linked to a decision on the merits. In fact, it is conceivable that attorney's fees could be awarded during the course of proceedings to a party who ultimately does not prevail on the merits. The award of attorney's fees under § 12–349 does not have the relationship to the judgment on the merits found in *Mark Lighting* and *Acumen Trading*. When a request for fees is made under § 12–349, the trial judge reviews the course of the proceedings and the conduct of the parties from the commencement of the action to decide whether the proceedings have been unreasonably expanded or delayed.

We find support for the distinction we make between a motion for fees which is linked to the judgment and one that is not, in *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). There the Court found that the award of fees was uniquely separable from the cause of action that was settled by the court's judgment on the merits and, therefore, was not considered a motion to amend or alter the judgment under Rule 59. We hold that the court had jurisdiction under A.R.S. § 12–349 to award attorney's fees.

In its answering brief, appellee takes no position regarding appellants' first or second arguments, in effect conceding those issues. Its sole contention is that the award was proper under A.R.S. § 12–349(A)(3). This statutory provision was raised by appellee in its reply to appel-

lants' opposition to its request for attorney's fees.

The record also indicates that A.R.S. § 12–350 was specifically brought to the attention of the trial court. The letter from appellants' attorney pointing out the applicability of A.R.S. § 12–350 to an award under A.R.S. § 12–349 was hand-delivered to the trial court only three days before the court issued its minute entry awarding attorney's fees.

Appellants argue that if the trial court based its award of attorney's fees and costs on A.R.S. § 12–349, the court erred in failing to state the specific reasons for the award. Such specific findings are required by A.R.S. § 12–350 for awards made pursuant to A.R.S. § 12–349.

◼ The problem with appellants' position is that they never raised this issue in the trial court. "Claimed errors which are not called to the attention of the lower court will not be considered on appeal." *United States (Treasury Department, Internal Revenue Service) v. Globe Corp.*, 113 Ariz. 44, 51, 546 P.2d 11, 18 (1976). In a similar situation, where the trial court failed to make express findings required by statute, we held that failure to object to the form of judgment in the trial court or to bring the insufficiency to the attention of the trial judge constituted a waiver of the right to urge the failure as a basis for reversal on appeal. *Callanan v. Sun Lakes Homeowners' Ass'n. #1*, 134 Ariz. 332, 337, 656 P.2d 621, 626 (App.1982). The trial court and opposing counsel should be afforded the opportunity to correct any asserted defects before error may be raised on appeal. *Van Dever v. Sears, Roebuck & Co.*, 129 Ariz. 150, 629 P.2d 566 (App. 1981). We find that appellants failed to preserve this issue for appeal.

Appellants also argue that they were the prevailing party on their motion to set aside the order of dismissal with prejudice, and therefore appellee is not entitled to any attorney's fees for that motion. Coupling this argument with the jurisdictional issue discussed above, appellants maintain that appellee is not entitled to any attorney's fees. As we have discussed, appellee is not

precluded by Rule 59(*l*) from recovering its attorney's fees for work performed earlier in the case occasioned by appellant's actions. Appellee requested in excess of $9,000 in attorney's fees. The court, in awarding $2,336, did not state what portion of the request it was honoring. We cannot say the trial court abused its discretion in making the award.

Affirmed.

LACAGNINA, C.J., and HOWARD, P.J., concur.