861 P.2d 674

**Margie P. TRANTOR, Plaintiff/Appellant,**

**Leighton P. Clark, Appellant,**

v.

**Glen FREDRIKSON and Jane Doe Fredrikson, his wife, Defendants/Appellees.**

**No. 1 CA–CV 91–0179.**

Court of Appeals of Arizona, Division 1, Department C.

Feb. 18, 1993.

Review Granted Oct. 19, 1993.

---

**390**

Leighton P. Clark, Phoenix, for appellants.

Ayers & Brown, P.C. by Thomas G. Luikens, Phoenix, for defendants/appellees.

## OPINION

GERBER, Judge.

This is an appeal from an award of attorney's fees entered against appellant Margie Trantor (Trantor) and her attorney, Leighton Clark (Clark), in favor of appellees Glen and Jane Doe Fredrikson (the Fredriksons). Fees were awarded after the trial court granted summary judgment in favor of the Fredriksons. We conclude that the trial court's award of attorney's fees should be reversed.

## FACTS AND PROCEDURAL HISTORY

Trantor, an employee of AMFAC Electrical Supply (AMFAC), sued the Fredriksons for negligence after she sustained injuries by falling through an office ceiling in a building leased by AMFAC from the Fredriksons. Trantor alleged in her complaint that the storage structure above the ceiling from which she fell was dangerous, that the Fredriksons either knew or should have known of the existence of the defective structure, that it was being used by Trantor's employer, and that the Fredriksons therefore owed Trantor a duty to take reasonable precautions to prevent an injury from occurring.

Shortly after answering the complaint, the Fredriksons filed a motion for summary judgment arguing that, because the structure from which Trantor fell had been constructed by Trantor's employer after the commencement of the lease and the Fredriksons had no knowledge of the structure, they owed no duty of care towards Trantor under Restatement of Torts (2d) § 355 (1965). Trantor elected not to oppose the motion for summary judgment. Judgment was thereafter granted in favor of the Fredriksons.

The Fredriksons then moved for attorney's fees under Ariz.Rev.Stat.Ann. ("A.R.S.") §§ 12–341.01(A), 12–341.01(C), and 12–349. The trial judge subsequently awarded the Fredriksons attorney's fees in the amount of $5,500.00 against Trantor and Clark jointly, without making any findings of fact or setting forth any statutory basis for the award. After the trial judge granted the fees but before final judgment was entered, Trantor filed a motion for reconsideration in which she argued that the award of fees was inappropriate because her claim was not groundless, was made in good faith, and did not constitute harassment. This motion was denied. Trantor and Clark then brought this appeal from the judgment.

## DISCUSSION

■ Trantor and Clark argue on appeal that the trial court's award of attorney's fees in favor of the Fredriksons should be reversed because the trial court made no findings of fact or conclusions of law as required by A.R.S. §§ 12–341.01(C) and 12–350. Although the Fredriksons moved for attorney's fees under A.R.S. §§ 12–341.-01(A), 12–341.01(C), and 12–349, the trial judge did not identify which statute justified granting the fees. We must assume

that the basis for the award was either A.R.S. §§ 12–341.01(C) or 12–349 because there was no contract involved. The Fredriksons concede that A.R.S. § 12–341.01(A) does not apply; they did not discuss that statute as a basis for the award in their briefs.

A.R.S. § 12–341.01(C) provides that the court shall award attorney's fees in an action "upon clear and convincing evidence that the claim or defense constitutes harassment, is groundless and not made in good faith." A.R.S. § 12–349 similarly states that the court shall assess attorney's fees against an attorney or party if the attorney or party "[b]rings or defends a claim without substantial justification" or "[b]rings or defends a claim solely or primarily for delay or harassment." A.R.S. § 12–349 further provides that "without substantial justification" means that "the claim or defense constitutes harassment, is groundless and is not made in good faith." A.R.S. § 12–350 provides that the court shall set forth the specific reasons for the award in granting attorney's fees pursuant to A.R.S. § 12–349.

The Arizona Supreme Court recently held in *State v. Richey*, 160 Ariz. 564, 774 P.2d 1354 (1989), that a trial court must make appropriate findings of fact and conclusions of law in awarding attorney's fees under either A.R.S. §§ 12–341.01(C) or 12–349:

> Because [A.R.S. § 12–341.01(C)] specifically requires a higher burden—"clear and convincing evidence"—before a trial court can determine that a claim or defense constitutes harassment, is groundless and not made in good faith, *the trial court must make appropriate findings of fact and conclusions of law to enable a party required to pay attorneys' fees to seek appellate review....*
>
> ....
>
> We also note, by way of comparison, that A.R.S. § 12–350 requires the trial court to "set forth the specific reasons" for a fee award made pursuant to § 12–349, which permits fee awards when claims are brought "without substantial justification" or "primarily for delay or harass-

> ment." ... Because the contexts in which § 12–341.01(C) applies may often overlap those in which § 12–349 applies, *we hold that requiring a trial court to set forth specific findings in the former as well as in the latter contexts is appropriate.*

(Emphasis added.) 160 Ariz. at 565, 774 P.2d at 1355.

Because the trial court failed to make these required findings, the supreme court vacated the trial court's award of attorney's fees to the plaintiffs.

In the instant case, the trial judge made no findings of fact or conclusions of law in either her minute entry or the formal judgment awarding fees to the Fredriksons. Because we cannot determine on what factual basis the trial court awarded fees, the award must be vacated under *Richey* as well as under *St. Joseph's Hosp. v. Hansgen*, 174 Ariz. 228, 848 P.2d 313 (App.1992) (where party's request for attorney's fees under A.R.S. § 12–349 and Ariz.R.Civ.P. 11 and 59 was granted but trial court made no findings and gave no explanation for award of fees, fees could not be upheld under A.R.S. § 12–349). *See also Wells Fargo Credit Corp. v. Smith*, 166 Ariz. 489, 803 P.2d 900 (App.1990) (court reverses Rule 11 sanctions because trial court did not make specific findings justifying its conclusion that party's claims were frivolous, relying on *Richey*, and because existence of disputed facts at time of summary judgment hearing indicated that party's claim was "well-grounded").

■ The Fredriksons argue that, because Trantor did not object to the trial court's failure to make specific findings, the issue should be considered waived. In *Hamm v. Y & M Enterprises, Inc.*, 157 Ariz. 336, 757 P.2d 612 (App.1988), Division Two of this court held that an argument regarding the lack of findings not made before the trial court would not be considered on appeal. *See also Callanan v. Sun Lakes Homeowners' Ass'n # 1*, 134 Ariz. 332, 337, 656 P.2d 621, 626 (App.1982) (in an appeal of award of attorney's fees un-

der A.R.S. § 10–049(B), court held that, even if that statute required trial court to set forth in judgment express finding concerning reasonable cause, plaintiff waived right to urge failure to do so as a basis for reversal where plaintiff failed to object to form of judgment in trial court); *Bayless Investment & Trading Company v. Bekins Moving and Storage Co.*, 26 Ariz. App. 265, 547 P.2d 1065 (1976) (while failure to object to lack of required findings under Rule 52(a), Arizona Rules of Civil Procedure, did not deprive appellants of right to question on appeal sufficiency of evidence to support judgment, appellants could not argue on appeal that mere lack of finding was grounds for reversal).

Although *Hamm* supports the Fredriksons' waiver argument, the supreme court decided *Richey* after *Hamm*, holding unqualifiedly that A.R.S. §§ 12–341.01(C) and 12–349 require that the trial court set forth specific findings, the absence of which requires vacating the award. The requirement that a trial court make findings when awarding fees under A.R.S. §§ 12–341.-01(C) or 12–349, as well as under Rule 11, may not be waived. These statutes appear alike in requiring findings to justify the assessments even in the absence of a request for them. Such a requirement appears consistent with the punitive nature of the sanctions, as well as with the view that appellate courts should not be put to the task of searching the record for unspecified reasons to support the assessment.

It is true, as the dissent argues, that *Richey* does not discuss waiver. Neither does it suggest that a trial court objection was made. The lack of an objection appears immaterial to the central point that a statement of reasons is essential for appellate review. There can be no meaningful review of a trial court's punitive award in the absence of the trial court's reasons, the very failure prompting reversal in *Richey*.

Furthermore, A.R.S. § 12–341.01(C) and § 12–349 are not judicial creations but rather legislative mandates to the court that compel it to impose penalties in those situations. As such, these provisions are closely akin to contempt. The party who suffers such a penalty needs to have fair notice of the conduct prompting the penalty. Giving such notice is inherent in the punitive nature of these statutes, in contrast to merely compensatory attorney fees or Rule 52 findings of fact in routine civil cases. Such a duty inheres in the trial court regardless of any request from counsel.

## CONCLUSION

We hold that because of the absence of findings, attorney's fees were improperly assessed against Trantor and Clark. The trial court's attorney's fee award is vacated.

TOCI, J., concurs.

McGREGOR, Judge, dissenting.

The majority's decision to vacate the trial court's award of attorney's fees results from two conclusions. First, the majority concludes that "a trial court must make appropriate findings of fact and conclusions of law in awarding attorney's fees under either A.R.S. §§ 12–341.01(C) or 12–349." Op. at 391, 861 P.2d at 676. I agree. *State v. Richey,* 160 Ariz. 564, 565, 774 P.2d 1354, 1355 (1989). Second, the majority concludes that if a trial court fails to set forth specific findings supporting an award of fees, this court must *vacate* the award *even though* the party opposing the award did not object to the lack of findings. I respectfully dissent from that conclusion. I would hold, consistent with earlier decisions of this and other courts, that Trantor's failure to object to the lack of findings precludes her from obtaining relief on that basis.

In *Hamm v. Y & M Enterprises, Inc.,* 157 Ariz. 336, 757 P.2d 612 (App.1988), this court considered the same argument advanced by Trantor. There, we held that a party, against whom the trial court had awarded attorney's fees under A.R.S. § 12–349.A.3 without making findings, could not argue for the first time on appeal that this court should vacate the award because of the trial court's failure to make findings. *Id.* at 338, 757 P.2d at 614. That holding is consistent with this court's earli-

er decision in *Callanan v. Sun Lakes Homeowners' Ass'n,* 134 Ariz. 332, 656 P.2d 621 (App.1982). *Callanan* involved an appeal of an order awarding attorney's fees under A.R.S. § 10–049.B, which permits the court to award fees in a shareholder's action if the plaintiff brings the action "without reasonable cause." There too the plaintiff failed to object to the form of the judgment "or bring to the attention of the trial judge this alleged insufficiency of findings in any way." *Id.* at 337, 656 P.2d at 626. The court, assuming that the statute required the trial court to set out express findings to support its award of fees, concluded the plaintiff had waived his right to urge the court's failure to do so as a basis for reversal on appeal.

The approach adopted in *Hamm* and *Callanan* finds additional support from case law interpreting Arizona Rule of Civil Procedure 52(a), which involves similar considerations. Rule 52(a) provides in relevant part that

in all actions tried upon the facts without a jury or with an advisory jury [or in granting or refusing interlocutory injunctions], *the court ... shall find the facts specially and state separately its conclusions of law* thereon.... (Emphasis added.)

Rule 52(a)'s express mandate that the court make special findings therefore mirrors *Richey's* requirement that courts must make appropriate findings to support an attorney's fee award.

The purpose of Rule 52(a) also mirrors that of the attorney's fees statutes. Rule 52(a) is primarily intended to aid appellate courts in reviewing decisions of trial courts. *Educational Testing Services v. Katzman,* 793 F.2d 533, 537 (3d Cir.1986); *Danny Kresky Enterprises Corp. v. Magid,* 716 F.2d 206, 215 (3d Cir.1983); 9 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2571, at 679–80 (1971). Similarly, a trial court's findings of fact and conclusions of law underlying the grant of attorney's fees under A.R.S. §§ 12–341.01.C and –349 "demonstrate the application of the statute's language [and] greatly assist an appellate court on review." *Richey,* 160 Ariz. at 565, 774 P.2d at 1355. In both situations, the trial court's express findings aid appellate courts in reviewing the trial court's decision.

Because the requirements and purposes of Rule 52(a) and the attorney's fees statutes are so similar, I also would consider our interpretation of Rule 52(a) in deciding whether a party can waive his objection to a trial court's failure to make findings to support an attorney's fees award. Significantly, a trial judge's failure to make the findings required by Rule 52(a) does not permit a party to "sit back and not call the trial court's attention to the lack of a specific finding on a critical issue, and then urge on appeal that mere lack of a finding on that critical issue as a grounds for reversal." *Bayless Investment & Trading Co. v. Bekins Moving & Storage Co.,* 26 Ariz.App. 265, 271, 547 P.2d 1065, 1071 (1976). Rather, we limit an appellant's challenge on appeal to examining the sufficiency of the evidence to support the judgment and review the evidence in the light most favorable to the appellee. *Id.*

Practical and long-accepted reasons justify requiring a party to object to the trial court's failure to make needed findings:

We have many times held that in the interests of judicial economy and the prompt disposition of matters, alleged errors should be called to the trial judge's attention in order that he may have an opportunity to correct his own errors, thereby perhaps avoiding needless appellate delay and the wasted judicial effort necessarily involved if a different rule were applied.

*Id.; see, e.g., Educational Testing Services,* 793 F.2d at 537 (lack of Rule 52(a) findings does not differ from other procedural errors that a party waives by failing to object at trial court level); *Danny Kresky Enterprises Corp.,* 716 F.2d at 215 (appellate court's review limited to determining whether record provides sufficient support for award and to remanding for further findings if necessary).

The reasoning of *Bayless Investment* applies with equal force when a party fails to call the trial court's attention to the lack of express findings to support an award of fees. I find it particularly inappropriate to vacate an award of attorney's fees due to the lack of sufficient findings in an action such as this. The trial judge, who considered the course of proceedings and who carefully questioned the parties' attorneys before awarding fees, necessarily concluded Trantor's claim "constitutes harassment, is groundless and not made in good faith," A.R.S. § 12-341.01.C, or was brought "without substantial justification" or "primarily for delay or harassment." A.R.S. § 12-349. Trantor and Clark do not suggest they lacked adequate opportunity to request express findings from the trial court. For whatever reason, Trantor and Clark remained silent when the trial court failed to record express findings setting out the basis for its award rather than provide the trial court an opportunity to correct its error. The rule adopted by the majority encourages precisely such actions. Then, on appeal, when the trial court can no longer correct its error, the party against whom fees are awarded may call this court's attention to the lack of findings and automatically be relieved of his duty to pay attorney's fees, no matter how justified the award.

The majority bases its decision to depart from settled principles of appellate practice primarily upon the Arizona Supreme Court's decision in *Richey*. Although, as the majority notes, the court decided *Richey* after *Hamm*, the *Richey* opinion does not even mention, let alone expressly overrule, *Hamm*. Additionally, *Richey* neither discussed whether the party against whom the court awarded attorney's fees had objected to the form of judgment before the trial court nor stated that a party cannot waive objections to the lack of specific findings.

The majority further justifies its decision by pointing out that sections 12-341.01.C and 12-349 "are not judicial creations but rather legislative mandates to the court that compel it to impose penalties in those situations." Op. at 392, 861 P.2d at 677. I agree with the majority's characterization of these attorney's fees statutes as legislative mandates. I do not agree, however, that the conclusion reached by the majority furthers that legislative mandate. The issue raised in this action can arise only after a trial judge has awarded attorney's fees because the court finds that a party has asserted a groundless or frivolous claim or defense, for purposes of harassment or delay. To permit such a party to avoid complying with the trial court's order awarding fees by "lying in the weeds" and failing to object to the court's lack of findings does not further, and in fact counteracts, the legislative mandate so clearly defined in the attorney's fees statutes.

Because Trantor and Clark failed to object to the trial court's lack of findings, I would conclude they may not raise the failure to make the findings alone as a basis for reversal of the award. They may, however, challenge on appeal the sufficiency of the evidence to support an award of attorney's fees under A.R.S. §§ 12-341.01.C or 12-349.