**Rashool BASHIR, as Personal Representative for the Estate of Warith Dean Bashir, Plaintiff,**

v.

**NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK) a District of Columbia corporation, and CSX Transportation, Inc., a Virginia corporation, Defendants.**

No. 95–6171–CIV–NESBITT.

United States District Court, S.D. Florida.

April 30, 1996.

Joseph J. Slama, Fort Lauderdale, FL, for Rashool Bashir.

Bradley S. Fischer, Fort Lauderdale, FL, for Amtrak, CSX Transportation, Inc.

Darryl Lewis, Fort Lauderdale, FL.

### ORDER GRANTING SUMMARY JUDGMENT

NESBITT, District Judge.

This cause comes before the Court upon Defendants' motion for summary judgment on Plaintiff's negligent failure to stop claim, filed on September 29, 1995 as Part I.E. of Defendants' reply in support of its original motion for summary judgment. In the Omnibus Order of March 25, 1996, the Court deemed this portion of Defendants' reply as a separate motion for summary judgment and directed the parties to file additional memoranda of law.

The sole issue to be decided is whether any genuine issues of material fact remain as to Defendant National Railroad Passenger Corporation's ("Amtrak")[1] alleged negligence in failing to slow or stop the train to avoid striking the decedent, Warith Dean Bashir ("Decedent"). The Court has already summarized the facts and the standard of summary judgment in its Omnibus Order and will not repeat them here. The facts pertinent to the instant motion are these: As the train rounded the curve preceding the Interlachen Crossing, Richard Mascio, the train's engineer, noticed Decedent's brother run across the tracks at the crossing, stop about twenty yards to the left of the tracks, and wave to the approaching train. Mascio's eyes were on the tracks, which were amply lit by the train's headlight, and he was blowing the train's horn in accordance with Amtrak regulations. Mascio did not apply the brakes or attempt to slow the train. As the train came to the Crossing, Mascio saw a red blur on the right side of the engine. Mascio Deposition at 71–78. The red blur turned out to be Decedent, who was struck and killed.

 Taken in the light most favorable to Plaintiff, these facts do not indicate any neg-

ligence on the part of Amtrak or Mascio. Florida law imposes no duty on a railroad to slow or stop a train simply because a pedestrian is near the tracks. *Atlantic Coast Line Railroad Company v. Walker*, 113 So.2d 420, 422–23 (Fla. 1st DCA 1959); *Florida East Coast Ry. Co. v. Griffin*, 566 So.2d 1321, 1324 (Fla. 4th DCA 1990). Engineers are entitled to presume that such persons will stop or cross safely. *Id.;* 113 So.2d at 423. Only where a dangerous condition appears, or it is apparent that a person approaching the tracks is not going to stop, is the train under a duty to slow or stop. *Id.;* 566 So.2d at 1324.

The facts support neither circumstance in this case. Plaintiff does not allege, and the evidence nowhere indicates, that Mascio knew or should have known that Decedent's brother, who was standing well away from the tracks, would be followed across the tracks by the Decedent. It is undisputed that Mascio learned of Decedent's presence near the tracks only by way of a red blur at virtually the instant of impact. Nothing indicated a dangerous condition; the warning signals at the crossing were operating properly, and there was no evidence that children frequented the crossing. By all indications, the Interlachen Crossing was one through which trains were entitled to travel with a normal degree of caution, and all the evidence demonstrates that that is what occurred.

Plaintiff merely speculates that if the train had slowed when Mascio saw Decedent's brother cross the tracks, Decedent might have made it across. Here again, however, no evidence exists to support this speculation, and trains are under no duty to slow down at crossings so they might avoid striking pedestrians who might be crossing the tracks.

Accordingly, as the Court finds no genuine issues of material fact as to Amtrak's negligence, it is hereby

---

1. As Defendants point out, Defendant CSX Transportation, Inc., the owner of the tracks, played no part in the operation of the train, and Plaintiff has neither alleged nor offered evidence to the contrary. Summary judgment is therefore ap-

propriate as to CSX regardless of the outcome of Plaintiff's negligent failure to stop claim, and the analysis in this Order will pertain to Amtrak as the only remaining defendant.

**416**

**ORDERED AND ADJUDGED** that Defendants' motion for summary judgment the negligent failure to stop claim is **GRANTED.**

### *FINAL JUDGMENT*

For the reasons stated in the Omnibus Order entered on March 25, 1996 and the Order Granting Summary Judgment entered on April 30, 1996, it is thereupon

**ORDERED AND ADJUDGED** that the judgment be entered in favor of Defendants National Railroad Passenger Corporation (Amtrak) and CSX Transportation, Inc. and against Plaintiff Rashool Bashir. Plaintiff shall take nothing from this action and Defendant shall go hence without day.

DONE AND ORDERED.