NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

CORNERSTONE BANK, a North Dakota corporation,
*Plaintiff/Appellee-Cross Appellant,*

*v.*

KOZUB HOLDINGS LLC, an Arizona limited liability corporation;
WILLIAM A. KOZUB, an individual,
*Defendants/Appellants-Cross Appellees.*

No. 1 CA-CV 13-0355
FILED 11-10-2014

---

Appeal from the Superior Court in Maricopa County
No. CV2012-010521
The Honorable Michael J. Herrod, Judge

**AFFIRMED IN PART; VACATED IN PART AND REMANDED**

---

COUNSEL

Berens, Kozub, Kloberdanz & Blonstein, PLC, Scottsdale
By William A. Kozub, Michael T. DePaoli
*Counsel for Defendants/Appellants-Cross Appellees*

Stinson Morrison Hecker LLP, Phoenix
By Steven H. Williams, Craig A. Morgan, Sharon W. Ng
*Counsel for Plaintiff/Appellee-Cross Appellant*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Andrew W. Gould joined.

---

**T H U M M A**, Judge:

**¶1**            William A. Kozub and Kozub Holdings, LLC (collectively Defendants) challenge the superior court's imposition of $5,000 in sanctions under Arizona Revised Statutes (A.R.S.) section 12-349 (2014).[1] Cornerstone Bank (Cornerstone) cross-appeals, alleging the superior court was required to award it reasonable attorneys' fees after sanctioning Defendants under A.R.S. § 12-349. Because the superior court properly imposed sanctions against Defendants, Cornerstone had a right to an award of reasonable attorneys' fees. Accordingly, the order and resulting judgment are affirmed in part, vacated in part and remanded for further proceedings.

## FACTS AND PROCEDURAL HISTORY

**¶2**            In July 2012, Cornerstone initiated this case by filing a verified complaint seeking a temporary restraining order (TRO) and injunctive relief to enjoin Defendants from proceeding with trustee sales of 11 parcels of real property in North Dakota that were alleged to have been fraudulently transferred. After notice to Defendants, the superior court issued the TRO and then, after various filings and oral argument, reaffirmed the TRO in August 2012. Following an evidentiary hearing, where Mr. Kozub testified, the court issued Cornerstone's requested preliminary injunction.

**¶3**            Defendants filed an answer to Cornerstone's complaint, personally verified by Mr. Kozub, pleading a lack of knowledge as to the truth of numerous factual allegations in Cornerstone's complaint. Along with being a named defendant and the sole member of defendant Kozub

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

Holdings, LLC, Mr. Kozub also was counsel for Defendants in the superior court.

¶4　　　　In December 2012, based on Defendants' conduct in this case, Cornerstone filed a motion for sanctions and attorneys' fees under A.R.S. § 12-349(A)(1) and (A)(3).[2] Among other things, Cornerstone alleged that Defendants' actions required Cornerstone "to spend many hours and thousands of dollars" in litigation because Defendants "pressed forward, unreasonably expanding these proceedings by forcing [Cornerstone] to chip away at a false facade to uncover the truth." After considering voluminous filings and oral argument, the superior court issued a lengthy order detailing Defendants' conduct and concluded that Defendants' "misleading representations" were sanctionable. As a result, the court imposed $5,000 in sanctions against Defendants and in favor of Cornerstone under A.R.S. § 12-349, but denied Cornerstone's request for attorneys' fees as "being without statutory basis."

¶5　　　　At Cornerstone's request, the superior court entered a partial judgment reflecting these rulings. *See* Ariz. R. Civ. P. 54(b). This court has jurisdiction over Defendants' timely appeal and Cornerstone's cross-appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶6　　　　Defendants challenge the superior court's imposition of sanctions under A.R.S. § 12-349, while Cornerstone argues the court was required to award it attorneys' fees after sanctioning Defendants under the same statute. The court addresses these arguments in turn.

**I.　　The Superior Court Properly Imposed Sanctions Against Defendants Under A.R.S. § 12-349(A)(3).**

¶7　　　　In substance, Defendants make three arguments challenging the imposition of sanctions under A.R.S. § 12-349: (1) that the superior court did not make findings required by A.R.S. § 12-350; (2) that the findings the court did make lack record support; and (3) that the court's

---

[2] Although Cornerstone also sought sanctions under Arizona Rule of Civil Procedure 11(a), the superior court did not impose sanctions on that basis.

sanction amount was arbitrary and violated the statute.[3] This court reviews the imposition of sanctions for an abuse of discretion, viewing "the evidence in a manner most favorable to sustaining the award and affirm[ing] unless the trial court's finding . . . is clearly erroneous." *Phoenix Newspapers, Inc. v. Dep't of Corr.*, 188 Ariz. 237, 243, 934 P.2d 801, 807 (App. 1997). This court will affirm the superior court's ruling "if it is correct for any reason apparent in the record." *Forszt v. Rodriguez*, 212 Ariz. 263, 265 ¶ 9, 130, P.3d 538, 540 (App. 2006). This court reviews the construction of a statute de novo. *See Phoenix Newspapers*, 188 Ariz. at 244, 934 P.2d at 808.

¶8        In addressing Defendants' arguments, this court examines the superior court's award of sanctions under A.R.S. § 12-349(A)(3), which does not involve a review of the merits of the underlying litigation. *See Hamm v. Y & M Enters.*, 157 Ariz. 336, 338, 757 P.2d 612, 614 (App. 1988) (sanctions awarded under A.R.S. § 12-349(A)(3) are "not linked to a decision on the merits" and, instead, based on review of "the course of the proceedings and the conduct of the parties"). Accordingly, this court need not, and expressly does not, address Defendants' arguments under A.R.S. § 12-349(A)(1).

### A.        The Superior Court Made Appropriate Findings.

¶9        Defendants first argue that the superior court did not make the necessary findings to support sanctions under A.R.S. § 12-349. Specifically, Defendants argue that "[u]nder A.R.S. § 12-350, the trial court is required to set down the specific reasons for making any award of sanctions under A.R.S § 12-349." By statute, "[i]n awarding *attorney fees* pursuant to [A.R.S. §] 12-349, the court shall set forth the specific reasons for the award." A.R.S. § 12-350 (emphasis added). Although A.R.S. § 12-350 requires a recitation of "the specific reasons" in awarding attorneys' fees under A.R.S. § 12-349, there is no similar requirement for imposing *double damages* (sanctions) under A.R.S. § 12-349. Here, the superior court did not award attorneys' fees, meaning the "specific reasons" requirement in A.R.S. § 12-350 was not implicated. Accordingly, the predicate for Defendants' challenge to the superior court's findings—that the court was

---

[3] Defendants make other arguments that are not supported by either legal authority or record citations, which this court does not address. *See, e.g.*, Ariz. R. Civ. App. P. 13(a)(6); *State v. 1810 E. Second Ave.*, 193 Ariz. 1, 2 n.2, 969 P.2d 166, 167 n.2 (App. 1997) (holding appellate court will not consider assertions unsupported by citation to the record).

required by A.R.S. § 12-350 to identify "the specific reasons" for imposing sanctions under A.R.S. § 12-349 — is lacking.

¶10     Where "specific reasons" are required (when awarding attorneys' fees under A.R.S. § 12-349), such reasons "need only be specific enough to allow an appellate court 'to test the validity of the judgment.'" *Phoenix Newspapers*, 188 Ariz. at 243, 934 P.2d at 807 (App. 1997) (quoting *Miller v. Bd. of Supervisors of Pinal Cnty.*, 175 Ariz. 296, 299, 855 P.2d 1357, 1360 (1993)). While A.R.S. § 12-350 requires specific reasons for such an award, it "mandates no particular form for these findings." *Id.*

¶11     Even assuming the "specific reasons" requirement of A.R.S. § 12-350 applies to the imposition of sanctions under A.R.S. § 12-349, the superior court's order provides those reasons. The court included five single-spaced pages of findings describing Defendants' actions resulting in the imposition of sanctions. In those five pages, the superior court found at least seven different, specific instances in which Defendants made "misleading representations," "misled the Court" or "ignore[d] [its] actual knowledge" in its pleadings. These findings are more than adequate to allow this court to test the validity of the judgment. *Cf. State v. Richey*, 160 Ariz. 564, 565, 774 P.2d 1354, 1355 (1989) (stating superior court's only finding that defense presented frivolous allegations did not constitute sufficient findings to support sanctions). Thus, the court made sufficient findings in imposing sanctions pursuant to A.R.S. § 12-349. *See Phoenix Newspapers*, 188 Ariz. at 243, 934 P.2d at 807.

### B.     The Superior Court's Findings Are Supported By The Record.

¶12     Defendants argue the superior court could not have found, based on the record, that Defendants "[u]nreasonably expand[ed] or delay[ed] the proceeding," as required by A.R.S. § 12-349(A)(3). "Under § 12-349(A)(3), the relevant question is whether a party's (or attorney's) actions caused unreasonable delay and expansion of the proceedings." *Solimeno v. Yonan*, 224 Ariz. 74, 81, 227 P.3d 481, 488 (App. 2010). The superior court's factual findings are fully supported by the record. Several examples prove the point.

¶13     Nearly two months after filing the verified complaint, Cornerstone withdrew its request for an injunction for one parcel "because – contrary to Defendants' written and oral representations to the Court about ownership and damages should an injunction issue – Cornerstone just learned from a third-party that *Defendants stipulated to*

*forfeit their rights to the Parcel, by judgment, over five months ago,*" yet failed to notify Cornerstone and the superior court of that fact. In addressing this aspect of Cornerstone's request for sanctions, the superior court found Defendants "were the parties that had the accurate information at hand, and did not bring that forward" and Defendants' lack of candor in pleadings and during oral argument "[did] not appear to be an oversight." This finding is fully supported by the record.

¶14        As another example, the superior court found that Defendants' answer, personally verified by Mr. Kozub, "pleads precisely where it benefits Defendants, and imprecisely where it does not; without regard to what [Mr. Kouzb's] actual knowledge is." In one instance, the answer pleaded a lack of knowledge and information sufficient to form a belief as to the allegation that a trust Mr. Kozub's firm represented entered a settlement agreement that Mr. Kozub *himself* had reviewed before the agreement was signed. The answer also claimed a lack of knowledge about whether Defendants had noticed trustee sales on parcels and deeds of trust listed with specificity in Cornerstone's complaint. As the superior court noted "[i]f [Defendants] did not know, who did?" Again, this finding is fully supported by the record.

¶15        Similarly, the superior court found it "inconceivable that Mr. Kozub was not aware of the representation" in the North Dakota litigation where his firm was counsel of record, and further found Defendants' alleged lack of knowledge "displays a lack of candor towards the tribunal." Among other things, the court found that Defendants "were the parties that had the accurate information at hand, and did not bring that forward in the Response or at oral argument" and "obscured the facts" about an alleged deal to foreclose on certain properties in North Dakota. All of these findings are fully supported by the record.

¶16        After discussing these and other specific examples, the superior court concluded that "Defendants and Mr. Kozub repeatedly blur the lines between Mr. Kozub, Mr. Kozub's clients, his firm, and Kozub Holdings." Such conduct by Defendants supports Cornerstone's assertion that Defendants "unreasonably expanded" the proceedings and caused Cornerstone "to spend many hours and thousands of dollars" as a result. The record amply supports the superior court's findings and imposition of sanctions under A.R.S. § 12-349(A)(3). *See Bennett v. Baxter Group, Inc.*, 223 Ariz. 414, 422 ¶¶ 31–32, 224 P.3d 230, 238 (App. 2010) (finding that, after viewing the evidence in a manner most favorable to sustaining the award, the superior court reasonably could have found record-supported sanctions under A.R.S. § 12-349).

### C. The Superior Court Did Not Err In The Amount Of Sanctions Imposed.

¶17 Citing *Bennett*, Defendants argue the amount of sanctions imposed was arbitrary and violated A.R.S. § 12-349. The *Bennett* court, however, found that *attorneys' fees* awarded must be confined to the specific issues that gave rise to the sanctions. *See* 223 Ariz. at 422 ¶¶ 31–32, 224 P.3d at 238. Here, no attorneys' fees were awarded and thus the proposition cited from *Bennett* does not apply.

¶18 Defendants also cite *Bennett* for the proposition that damages must be shown before sanctions can be imposed. Although *Bennett* vacated an *attorneys' fees* award because some of those fees were not attributable to the sanctionable conduct, that court *affirmed* a sanction award imposing $4,000 in damages. *See id.* at 422 ¶¶ 34–35, 224 P.3d at 238. Thus, Defendants' argument that "the trial court may award fees and expenses as damages arising from the conduct described in the four subsections, and *these* damages may be doubled" is not supported by *Bennett* or any other authority offered. *See id.* Therefore, the superior court did not err in imposing $5,000 in sanctions under A.R.S. § 12-349(A)(3).

### II. Because Sanctions Were Properly Imposed On Defendants Under A.R.S. § 12-349(A)(3), Cornerstone Was Entitled To An Award Of Reasonable Attorneys' Fees.

¶19 Cornerstone's cross-appeal challenges the superior court's order denying an award for attorneys' fees under A.R.S. § 12-349(A) when the court had imposed sanctions against Defendants. In response, Defendants argue the cross-appeal "evidences extreme bad faith" by Cornerstone and constitutes "an intentional misreading of the words in A.R.S. § 12-349." Contrary to Defendants' argument, the plain language of A.R.S. § 12-349(A) shows that Cornerstone is entitled to an award of reasonable attorneys' fees.

¶20 As applied, the statute provides that, "if the attorney or party . . . [u]nreasonably expands or delays the proceeding," the superior court "*shall* assess reasonable attorney fees, expenses and, at the court's discretion, double damages of not to exceed five thousand dollars." A.R.S. § 12-349(A)(3) (emphasis added). Under this portion of A.R.S. § 12-349, "the fee award is mandatory. The judge must award fees" where factually supported. *Phoenix Newspapers*, 188 Ariz. at 243, 934 P.2d at 807; *see also Democratic Party v. Ford*, 228 Ariz. 545, 548 ¶10, 269 P.3d 721, 724 (App. 2012) (stating if party makes showing required by A.R.S. § 12-349, "the

award of attorney fees becomes mandatory"); *City of Casa Grande v. Ariz. Water Co.*, 199 Ariz. 547, 555 ¶27, 20 P.3d 590, 598 (App. 2001) (noting A.R.S. § 12-349(A) "mandates an award of attorney's fees if a party" violates the statute). Having found Defendants' actions warranted sanctions, the superior court was statutorily required to award Cornerstone reasonable attorneys' fees. Therefore, the order denying Cornerstone reasonable attorneys' fees is vacated.

## III. Attorneys' Fees On Appeal.

**¶21** Defendants request taxable costs and attorneys' fees on appeal. Because Defendants are not the prevailing parties, their request is denied.

**¶22** Cornerstone requests taxable costs and attorneys' fees on appeal pursuant to A.R.S. § 12-349 for Defendants' arguments on appeal and Defendants' response to Cornerstone's cross-appeal. Having prevailed, Cornerstone is awarded its taxable costs on appeal contingent upon compliance with Arizona Rule of Civil Appellate Procedure 21. Turning to Cornerstone's request for attorneys' fees, although rejecting the merits of Defendants' appeal, this court does not find Defendants' arguments on appeal were wholly "without substantial justification." A.R.S. § 12-349(A)(1); *see also* A.R.S. § 12-349(F). The arguments Defendants made in response to Cornerstone's cross-appeal, however, were without substantial justification.

**¶23** Contrary to Defendants' argument that the cross-appeal "is nothing more than an intentional misreading of the words in A.R.S. § 12-349," the plain language of that statute required the superior court to assess reasonable attorneys' fees in favor of Cornerstone and against Defendants. Defendants cite no authority supporting their argument on the cross-appeal. Given the statutory language stating "the court *shall* assess reasonable attorney fees" if sanctions are assessed, A.R.S. § 12-350 (emphasis added), Defendants' argument on the cross-appeal is groundless and not made in good faith. Accordingly, in exercising its discretion and as a sanction, this court awards Cornerstone its reasonable attorneys' fees incurred in responding to Defendants' arguments in response to Cornerstone's cross-appeal, contingent upon compliance with Arizona Rule of Civil Appellate Procedure 21.

**CONCLUSION**

¶24　　　That portion of the order and resulting judgment denying Cornerstone's request for reasonable attorneys' fees under A.R.S. § 12-349(A)(3) is vacated and this matter is remanded to the superior court for further proceedings not inconsistent with this memorandum decision. In all other respects, the order and resulting judgment are affirmed.