NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SARAH DEL SERONDE; CAROLINE SERONDE; SANORA ISSAC and
JORDAN ISSAC, as Co-Statutory Plaintiffs, and the surviving children of
Ella W. Seronde, decedent; and TSINIJINNI JEAN SERONDE,
*Plaintiffs/Appellants,*

*v.*

BNSF RAILWAY COMPANY; DONALD
ZANE MORRIS,
*Defendants/Appellees.*

No. 1 CA-CV 14-0166

FILED 4-2-2015

Appeal from the Superior Court in Maricopa County
Nos. CV2011-010945
CV2011-010947
(Consolidated)
The Honorable Arthur T. Anderson, Judge

**AFFIRMED IN PART; REVERSED IN PART AND REMANDED**

COUNSEL

Schneider & Onofry, PC, Phoenix
By Luane Rosen

Pottroff Law Office, Manhattan, KS, *Pro Hac Vice*
By Robert Pottroff
*Co-Counsel for Plaintiffs/Appellants*

Thorpe Shwer, PC, Phoenix
By William L. Thorpe, Bradley D. Shwer, Adam T. Reich
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Chief Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Patricia A. Orozco joined.

---

**J O H N S E N**, Judge:

¶1         The driver and other family members of a woman killed in a car-train collision (collectively, "the Serondes") sued BNSF Railway Company for damages, alleging BNSF acted negligently in several respects.  BNSF moved for summary judgment, arguing federal law preempted several of the Serondes' allegations.  The superior court granted the motion, then dismissed the complaint with prejudice.  For the following reasons, we affirm the dismissal of the Serondes' allegations based on the train's failure to slow, but reverse the dismissal of their negligence claim insofar as it alleges inadequate markings and warning devices.

**FACTS AND PROCEDURAL BACKGROUND**

¶2         Attempting to bypass a backup on I-40 in Northern Arizona, Tsinijinni Jean Seronde ("Jean") drove down an unpaved private right-of-way owned by BNSF.  His mother, Ella Seronde, was a passenger in the car.  The right-of-way ran parallel to two railroad tracks and led to a BNSF-owned railroad crossing.  Several other vehicles followed the same route from the interstate.

¶3         As Jean led the line of cars toward the crossing, a BNSF train approached from behind.  The train crew saw the convoy of cars about a mile before the crossing and began sounding its horn, but did not slow the train.  Occupants of every vehicle in the line, except for Jean, testified they heard the horn and saw the train approaching while it was still behind them.

¶4         Video taken from the train showed that Jean slowed his car as he neared the crossing, but he did not stop or look to see whether a

2

train was approaching before he turned to cross the tracks. As Jean drove onto the tracks, the train slammed into his car. Jean was injured and his mother was killed.

¶5        Ella's children brought a wrongful-death claim against BNSF and its conductor. Jean also sued for his personal injuries, and the cases were consolidated.[1] In due course, BNSF filed five motions for summary judgment.[2] One of the motions argued that federal law preempted several of the Serondes' allegations, including the contention that the train negligently failed to slow as it approached the crossing. Another argued the Serondes could not prove BNSF breached a duty owed to the car's occupants. The superior court granted the preemption motion, then dismissed the complaint with prejudice, concluding that its ruling on preemption mooted the duty motion.

¶6        The Serondes timely appealed from the resulting judgment. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) (2015).[3]

## DISCUSSION

¶7        This court reviews entry of summary judgment *de novo*, viewing the facts in the light most favorable to the party against whom summary judgment was entered. *Williamson v. PVOrbit, Inc.*, 228 Ariz. 69, 71, ¶ 11 (App. 2011). "We will affirm summary judgment only if there is

---

[1]        The superior court dismissed the Serondes' allegations against the BNSF conductor; they do not challenge that dismissal on appeal.

[2]        BNSF's five summary judgment motions were: (1) Motion for Summary Judgment Number One:  Regarding Judgment in Favor of Defendant Morris; (2) Motion for Summary Judgment Number Two: Regarding All of Plaintiffs' Liability Claims; (3) Motion for Summary Judgment Number Three:  Regarding Plaintiffs' Claims That Are Preempted By Federal Law; (4) Motion for Summary Judgment Number Four:  Regarding Plaintiffs' Punitive Damages Claim; and (5) Motion for Summary Judgment Number Five:  Regarding Tsinijinni Jean Seronde's Negligence Per Se.

[3]        Absent material revisions after the date of the events at issue, we cite a statute's current version.

no genuine issue as to any material fact and the party seeking judgment is entitled to judgment as a matter of law." *Id.*

## A.      Dismissal of the Failure-to-Slow Allegations.

**¶8**      Federal railroad safety law generally preempts a state-law negligence claim against a railroad based on a failure to slow if the train was traveling within the federally prescribed speed limit. *See CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 674 (1993); *see also* 49 U.S.C. § 20106(a)(1)-(2) (2015); 49 C.F.R. § 217.2 (2015).  The Serondes do not dispute that the BNSF train was traveling within the federally prescribed speed limit. They argue, however, that their claim falls within an exception to preemption that applies when a "specific, individual hazard" requires the train to stop or slow down.

**¶9**      In applying principles of preemption to state-law claims in *Easterwood*, the Supreme Court declined to decide whether federal law would preempt a "suit for breach of related tort law duties, such as the duty to slow or stop a train to avoid a specific, individual hazard." 507 U.S. at 675, n.15.  Courts have relied on that language in applying a "specific, individual hazard" exception to federal preemption. *See, e.g., Seyler v. Burlington N. Santa Fe Corp.*, 102 F. Supp. 2d 1226, 1236 (D. Kan. 2000) ("[A] state law claim based on failure to slow or stop a train under certain circumstances is preempted."); *Earwood v. Norfolk S. Ry. Co.*, 845 F. Supp. 880, 885 (N.D. Ga. 1993) ("[A] negligence action based on a duty to slow or stop a train to avoid a specific, individual hazard is not preempted."); *Hightower v. Kan. City S. Pac. Ry. Co.*, 70 P.3d 835, 846, ¶ 23 (Okla. 2003) ("[W]here it is determined that a 'specific, individual hazard' exists, a state tort law action survives for breach of the duty to slow or stop the train to avoid such a hazard.").

**¶10**      "A specific, individual hazard refers to a unique occurrence which could lead to a specific and imminent collision . . . ." *Hightower*, 70 P.3d. at 848, ¶ 24 (quotation omitted).  It "must be a discrete and truly local hazard, such as a child standing on the railway," *O'Bannon v. Union Pac. R.R. Co.*, 960 F. Supp. 1411, 1420 (W.D. Mo. 1997), or a motorist stranded on a crossing, *see Herriman v. Conrail Inc.*, 883 F. Supp. 303, 307 (N.D. Ind. 1995).  Courts generally have held that ordinary visibility restrictions and adverse weather do not constitute "specific, individual hazards" that may create an exception to preemption. *See, e.g., Sec. First Bank v. Burlington N.*, 213 F. Supp. 2d 1087, 1091-92 (D. Neb. 2002) (poor visibility due to snow); *Seyler*, 102 F. Supp. 2d at 1236-37 (heavy rainfall and flash-flood warnings); *Cox v. Norfolk & W. Ry. Co.*, 998 F. Supp. 679,

685 (S.D. W. Va. 1998) (snow-covered railroad crossing); *Herriman*, 883 F. Supp. at 307 (hazardous lighting at crossing); *Earwood*, 845 F. Supp. at 887 (rail cars obstructing view of intersection). *But see Bakhuyzen v. Nat'l Rail Passenger Corp.*, 20 F. Supp. 2d 1113, 1118 (W.D. Mich. 1996) (question of whether defendant "had a duty to slow the train due to snowy weather conditions" was not preempted). This is because such conditions are common, *see O'Bannon*, 960 F. Supp. at 1420-21 ("[Specific, individual hazards] must be aberrations which the Secretary [of Transportation] could not have practically considered when determining train speed limits under the FRSA."), and would not lead a train operator to conclude that a risk of collision is imminent, *see Van Buren v. Burlington N. Santa Fe Corp.*, 544 F. Supp. 2d 867, 880 (D. Neb. 2008) (no "'specific, individual hazard' unless and until there is imminent danger" of a collision); *Hightower*, 70 P.3d at 848, ¶ 24 (specific, individual hazard is "a unique occurrence which could lead to a specific and imminent collision") (quotation omitted).

¶11 The Serondes argue the convoy of cars proceeding along the right-of-way and the dust the cars created constituted specific, individual hazards that required the BNSF train to stop or slow down. The Serondes do not contend that the vehicles on the roadway parallel to the tracks were an aberration (indeed, elsewhere they argue BNSF knew that non-railroad vehicles frequently used the road). And, like rain, snow and fog, dust is present near many railroad tracks. Moreover, the undisputed evidence (including the video taken from the train) established that any dust the convoy had kicked up was not present in the area of the crossing when the Serondes reached it. *See Van Buren*, 544 F. Supp. 2d at 881 ("[T]he train crew had no reason to believe that a collision was imminent until Plaintiff's front tires reached the outermost rail."). The conditions also did not present an imminent risk of collision for purposes of this analysis because train operators may assume that a driver will obey the law and stop before entering a crossing. *See Marks v. Goodding*, 96 Ariz. 253, 256 (1964) ("[A] driver may assume that another motorist will proceed in a lawful manner and obey the law of the road, and may act on that assumption.").[4]

---

[4] Although *Marks* involved the duty of a motorist, the same legal principle has been applied to trains approaching railroad crossings. *See, e.g.*, *Bryan v. Norfolk & W. Ry. Co.*, 21 F. Supp. 2d 1030, 1035 (E.D. Mo. 1997) (train need not stop "merely because a vehicle was seen slowly approaching a train crossing"); *Bashir v. Nat'l R.R. Passenger Corp.*

**¶12** Accordingly, because the BNSF train was traveling within the federally prescribed speed limit and the facts did not present a specific, individual hazard, the superior court did not err in ruling on summary judgment that federal law preempted the Serondes' allegations based on a failure to slow.

## B.     Dismissal of the Remaining Allegations.

**¶13** The superior court ruled that its entry of summary judgment on preemption mooted BNSF's other motions and dismissed the complaint in its entirety with prejudice. The Serondes argue the superior court erred because federal law does not preempt their allegations that BNSF acted negligently by failing to install adequate markings and warning devices at the crossing, including automatic gates with flashing light signals.

**¶14** BNSF's preemption motion did not address the Serondes' allegations about warning devices, and on appeal, BNSF does not argue those allegations are preempted. Instead, BNSF argues the Serondes waived any objection to the dismissal of those allegations by failing to raise the issue in the superior court. The authorities BNSF cites, however, involve purported trial error or procedural error in a court's findings. *See, e.g.*, *Trantor v. Frederikson*, 179 Ariz. 299, 300-01 (1994) (lack of findings of fact and conclusions of law in awarding attorney's fees); *Montano v. Scottsdale Baptist Hosp. Inc.*, 119 Ariz. 448, 453-54 (1978) (jury instruction);

---

*(Amtrak)*, 929 F. Supp. 414, 415 (S.D. Fla. 1996) ("Engineers are entitled to presume that such persons will stop or cross safely."); *Baldwin v. Chicago & Nw. R.R. Co.*, 171 N.W.2d 89, 93 (Minn. 1969) (train crew may assume motorist will exercise due care and stop); *Clark v. Atchison, Topeka & Santa Fe Ry. Co.*, 6 S.W.2d 954, 961 (Mo. 1928) ("[I]f the engineer of a train sees an adult person approaching the track, unless there is something in his actions or manner to indicate the contrary, the engineer has the right to assume that such person will stop before going on the track . . . ."); *Lawrence v. Bamberger R.R. Co.*, 282 P.2d 335, 338 (Utah 1955) ("The motorman or engineer operating a train may assume, and act in reliance on the assumption, that a person on or approaching a crossing is in possession of his natural faculties and aware of the situation, including the fact that a train is a large and cumbersome instrumentality which is difficult to stop, and that the person will exercise ordinary care and take reasonable precautions for his own safety.").

*United States v. Globe Corp.*, 113 Ariz. 44, 51 (1976) (award of costs and attorney's fees to party not named on appeal); *Harris v. Cochise Health Sys.*, 215 Ariz. 344, 349-51, ¶¶ 16-23 (App. 2007) (waiver of argument not raised in response to motion to dismiss); *Nat'l Broker Assocs., Inc. v. Marlyn Nutraceuticals, Inc.*, 211 Ariz. 210, 216, ¶¶ 27-28 (App. 2005) (court order requiring out-of-state witness to be deposed in Arizona); *Hamm v. Y & M Enters., Inc.*, 157 Ariz. 336, 338 (App. 1988) (lack of findings supporting award of costs and attorney's fees); *Bayless Inv. & Trading Co. v. Bekins Moving & Storage Co.*, 26 Ariz. App. 265, 270-71 (App. 1976) (lack of required findings in granting preliminary injunction). BNSF contends the Serondes should have sought reconsideration of the court's dismissal of the complaint or objected to the form of judgment. While it may have been more efficient if the Serondes had raised the matter with the superior court on either of those occasions, no rule or case authority required them to do so.

¶15        Finally, BNSF argues that this court should affirm because BNSF breached no duty to the Serondes with respect to warning devices. It recounts argument and evidence presented in its motion for summary judgment on duty, and urges this court to affirm the dismissal of the complaint even though the superior court did not reach the merits of that motion. *See Parkinson v. Guadalupe Pub. Safety Ret. Local Bd.*, 214 Ariz. 274, 277, ¶ 12 (App. 2007) ("We will affirm the superior court if its ruling was correct for any reason, even if that reason was not considered by the court.") (quotation omitted). This court, however, generally will not rule on arguments not considered by the superior court, and declines to do so here. *See In re MH 2008-002659*, 224 Ariz. 25, 27, ¶ 9 (App. 2010).

## CONCLUSION

¶16          For the foregoing reasons, we affirm the dismissal of the Serondes' negligence allegations based on the train's failure to slow but reverse the dismissal of their negligence claim insofar as it is based on alleged inadequate markings and warning devices, and remand for further proceedings.  As the successful party on appeal, the Serondes are entitled to costs pursuant to A.R.S. § 12-342(A) (2015), upon their compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
FILED: ama